377 So.2d 1158 (1979)
Robert MAHAUN and Patricia Mahaun, Appellants,
v.
STATE of Florida, Appellee.
No. 52877.
Supreme Court of Florida.
December 13, 1979.
David A. Demers, of Demers & Demers, St. Petersburg, for appellants.
Jim Smith, Atty. Gen., and Charles Corcees, Jr., Asst. Atty. Gen., Tampa, for appellee.
OVERTON, Justice.
This is a direct appeal from a circuit court judgment expressly upholding the *1159 constitutionality of sections 782.04 (third-degree felony murder) and 827.03(3) (aggravated child abuse), Florida Statutes (1975). We have jurisdiction.[1]
Appellants Robert Mahaun and Patricia Mahaun, husband and wife, were charged in Count One with third-degree felony murder and in Count Two with aggravated child abuse under sections 782.04(4) and 827.03(3), respectively. Specifically, the information read as follows:
COUNT ONE
ROBERT MAHAUN and PATRICIA MAHAUN ... unlawfully, while engaged in the perpetration of, or in an attempt to perpetrate the crime of aggravated child abuse, did, without any design to effect death, kill and murder Gregory Travis Moore, a human being, by causing the death of the said Gregory Travis Moore within one year and one day; contrary to Chapter 782.04, Florida Statutes... .
COUNT TWO
ROBERT MAHAUN and PATRICIA MAHAUN ... did commit the crime of aggravated child abuse by torturing one Gregory Travis Moore, a child under the age of eighteen years, by causing great bodily harm, or permanent disability, or permanent disfigurement; contrary to Chapter 827.03, Florida Statutes... .
The victim was born to the present Patricia Mahaun and Gregory Moore, who were divorced shortly thereafter. The child suffered bruises about his body shortly after Robert Mahaun began visiting the mother. Following the Mahaun marriage in April, 1976, the child was taken to the hospital on three separate occasions to be treated for trauma, seizures, and hemorrhages. Despite being incapable of movement at the conclusion of the third hospitalization, the child subsequently suffered severe injuries, including a skull fracture, while in the exclusive control of the appellants. As a result of these injuries, the child died at the chronic care facility in July, 1977.
In a jury trial Robert Mahaun was found guilty of third-degree felony murder and aggravated child abuse and was sentenced to consecutive fifteen-year terms of imprisonment. Patricia Mahaun was found guilty of both third-degree felony murder and the misdemeanor offense of culpable negligence by exposing the infant to injury, a lesser included offense of aggravated child abuse.
Appellants contend that the statutes under which they were convicted are vague and overbroad. Appellants' due process attacks upon section 827.03 concerning aggravated child abuse have been rejected by this Court on several occasions. We see no reason to overturn our well-established precedent. State v. Gaylord, 356 So.2d 313 (Fla. 1978); Faust v. State, 354 So.2d 866 (Fla. 1978); Jordan v. State, 334 So.2d 589 (Fla. 1976).
The appellants contend the offense of third-degree felony murder, set forth in section 782.04(4), is unconstitutionally vague because it contains no intent requirement that can be replaced by the establishment of an underlying felony. We reject this contention. We find the offense of third-degree murder as set forth in section 782.04(4) to be an integral and proper part of the criminal homicide scheme of first-, second-, and third-degree murder.
First-degree murder, set forth in section 782.04(1), requires that the unlawful killing either (1) be perpetrated from a premeditated design, or (2) be committed by a person who is perpetrating any of the following felonies: arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, unlawful throwing, placing, or discharging of a destructive device or bomb, or the result of unlawful distribution of opium or preparation *1160 of opium by a person eighteen years or older when the drug is proven to be the proximate cause of the death of the user.
Second-degree murder, as set forth in section 782.04(2), requires that the unlawful killing either (1) be committed in the course of an act imminently dangerous to another and evincing a depraved mind regardless of human life, or (2) be performed in the course of an attempt to commit any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb by a person other than the person engaged in the felony. Although the felony murder provisions of second-degree murder include almost all of the felonies included in first-degree felony murder, there is a clear distinction as explained by this Court in Adams v. State, 341 So.2d 765 (Fla. 1976). In Adams we expressly held that the language of the second-degree felony murder statute applies only to murders where the individual who perpetrates the underlying felony is an accessory before the fact and does not personally engage in its commission. One who personally kills another during the perpetration of one of the enumerated felonies is guilty of first-degree murder, and the statutory scheme does not allow for conviction of second-degree murder even as a lesser included offense.
Third-degree murder, as set forth in section 782.04(4), Florida Statutes (1977), is defined as an unlawful killing committed by a person engaged in the perpetration of any felony other than those identified as the underlying felony in second-degree murder when there is no premeditated design to effect the death of the victim. There is no alternative means to find a person guilty of third-degree murder other than by establishing that there was an appropriate underlying felony and that a homicide occurred in its perpetration. The fact that there is no alternative means to establish the third-degree murder offense does not render the statute invalid.
Appellants suggest that because section 782.04(4) contains no intent requirement, the state could secure a third-degree felony murder conviction without establishing any intent. This is not the case. Any felony murder charge must be based upon an underlying felony. Thus, while intent to cause death is not an element of the felony murder, the intent requirement of the underlying felony must nonetheless be proven. In Adams we upheld the constitutionality of the statutory provision defining first-degree felony murder. In so doing, we examined in detail and approved the theory of felony murder. We adhere to these same principles in the instant case.
Further, allegations that a felony in conjunction with a merely incidental death could constitute a felony murder are illfounded. In any felony murder conviction the element of causation must be established. Adams v. State, 310 So.2d 782 (Fla. 2d DCA 1975); Phillips v. State, 289 So.2d 447 (Fla. 2d DCA 1974). We find the language of sections 782.04(4) and 827.03 sufficiently defines the proscribed conduct when measured by common understanding and practice. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); State v. Dye, 346 So.2d 538 (Fla. 1977).
Although we find the statute constitutional, the contention of appellant, Robert Mahaun that he cannot be sentenced for both third-degree felony murder and the underlying felony has merit. Where the underlying felony is an essential element of the felony murder, a defendant cannot be sentenced for both crimes. In this case, appellant Robert Mahaun was convicted of third-degree felony murder and aggravated child abuse; however, aggravated child abuse was an essential element of this felony murder. This is reflected in the information which charged appellants with murder while "in the perpetration of ... aggravated child abuse." The state was authorized to charge appellant with both crimes. However, where the underlying crime is an element of the greater offense, the defendant may *1161 be convicted and sentenced only for the greater of the crimes. State v. Pinder, 375 So.2d 836 (Fla. 1979); State v. Wright, 379 So.2d 96 (Fla. 1979). See Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Robert Mahaun's conviction for third-degree felony murder stands, but the conviction for child abuse must be vacated.
Appellant Patricia Mahaun asserts that her third-degree felony murder conviction must be vacated because the jury failed to find her guilty of the underlying felony of aggravated child abuse or attempted aggravated child abuse, instead finding her guilty of the lesser included misdemeanor of culpable negligence. Mrs. Mahaun's conviction for culpable negligence effectively holds her innocent of the aggravated child abuse charge. Because the aggravated child abuse felony was an essential element of the felony murder, we hold that Mrs. Mahaun cannot be guilty of third-degree felony murder.
The remaining contentions of the appellants are without merit.
For the reasons expressed, the sentences of Patricia Mahaun for culpable negligence and Robert Mahaun for third-degree felony murder are affirmed. The convictions and sentences of Patricia Mahaun for third-degree felony murder and Robert Mahaun for aggravated child abuse are reversed and vacated.
It is so ordered.
ENGLAND, C.J., BOYD, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, Justice, dissents:
"Under the circumstances of these cases, I would affirm all the judgments of guilt."
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.