HURLEY, Judge,
dissenting.
Defendant was charged with three counts of possession with intent to sell cocaine and with three counts of possession of cocaine. The trial court granted defendant’s motion to dismiss the simple possession counts, either on the theory that they subjected the defendant to double jeopardy, or, that they were superfluous.
I suggest that the concern for double jeopardy is premature. Clearly the three possession counts were lesser included offenses of the counts charging possession with intent to sell. Thus, only one conviction and sentence would be appropriate in each instance. Mahaun v. State, 377 So.2d 1158 (Fla.1979). However, merely charging a greater and lesser offense in the same information is not violative of the Double Jeopardy Clause. Mahaun v. State, supra. Furthermore, I am aware of no authority which precludes the State from setting forth in an information all of the charges, including lesser included offenses, to which a defendant must respond. Specification of charges is an exclusive function of the executive branch of government. Absent an allegation that the defendant has been misled or embarrassed in the preparation of his defense[1] — which has not been alleged in the case at bar — and absent the usual grounds cognizable on a motion to dismiss,[2] it is my opinion that the judiciary is without authority to intervene. Accordingly, I respectfully dissent.

. See Rule 3.140(o), Fla.R.Crim.P.

. See Rule 3.190(b); Fla.R.Crim.P.