400 So.2d 549 (1981)
The STATE of Florida, Appellant,
v.
Eugene PITTS, Appellee.
No. 79-2353.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied July 23, 1981.
Janet Reno, State Atty., and Ira N. Loewy, Asst. State Atty. for appellant.
Bennett H. Brummer, Public Defender and Lawrence J. Stein, Asst. Public Defender, for appellee.
Before HENDRY, NESBITT and SCHWARTZ, JJ.
NESBITT, Judge.
The state appeals an order arresting defendant's judgment of conviction as authorized by Florida Rule of Appellate Procedure 9.140(c)(1)(D). We reverse.
The defendant was charged in a two-count information with aggravated battery with a firearm and possession of a firearm while engaged in a criminal offense, the aggravated battery. The jury was charged as to Count I on the offense as alleged. No lesser included offenses were requested or charged.[1] As to Count II, the court instructed the jury in accordance with the terms of the statute: "It is a crime for any person to display, use, threaten or attempt to use a firearm while committing or attempting to commit a felony." [emphasis supplied]. The jury acquitted the defendant on Count I, the aggravated battery, but convicted him on the possession charge. The court then arrested the judgment of conviction on the possession charge finding that the verdicts were inconsistent.
*550 As in the very similar case of McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981), the defendant relies upon Mahaun v. State, 377 So.2d 1158 (Fla. 1979) to support the arrest of judgment. The state argues that the verdicts are not inconsistent because the jury was not instructed in Count I on attempted aggravated battery but was instructed in Count II that it could find the defendant guilty if he used a firearm while committing or attempting to commit a felony. The case of McCray v. State, supra, is dispositive of the issue presented here and, for the reasons and authorities discussed by Judge Schwartz in that opinion, we reverse the order arresting defendant's judgment and conviction on Count II of the information and remand the cause to the trial court for entry of a proper judgment and for sentencing.
Reversed and remanded.
NOTES
[1] Both sides specifically waived instruction on lesser included offenses.