403 So.2d 954 (1981)
Ricardo REDONDO, Petitioner,
v.
STATE of Florida, Respondent.
No. 59032.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied October 9, 1981.
*955 Peter Kutner, Law Office of Henry R. Carr, Miami, for petitioner.
Jim Smith, Atty. Gen., James H. Greason and Theda R. James, Asst. Attys. Gen., Miami, for respondent.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review the decision in Redondo v. State, 380 So.2d 1107 (Fla.3d DCA 1980). We find express and direct conflict with Mahaun v. State, 377 So.2d 1158 (Fla. 1979), and therefore have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was charged by a two-count information with aggravated battery and the unlawful possession of a firearm while engaged in the commission of a felony. The case was tried before a jury. On the aggravated battery charge, the jury returned a verdict of guilty of the lesser included offense of simple battery. On the firearm charge, the jury found petitioner guilty as charged of possession of a firearm during the commission of a felony.
The trial court initially entered judgment on both convictions, but later granted a motion for arrest of judgment on the firearm charge on the ground that it was inconsistent with the jury's acquittal of petitioner on the underlying felony charge.
On appeal, the district court reversed the judgment of conviction of simple battery due to an error the trial court made in instructing the jury. The case was ordered remanded for a new trial on a charge of simple battery, since a re-trial of the aggravated battery accusation was barred by the Double Jeopardy Clause.
The state cross-appealed the trial court's order in arrest of judgment on the firearm charge. The district court reversed the order, reasoning that although technically inconsistent with the jury's verdict on the underlying felony charge, the guilty verdict for possession of a firearm during the commission of a felony was within the power of the jury to return. Although holding that the trial court erred, the appellate court declined to simply reinstate the judgment, since the same error in jury instructions that called for a new trial on the battery accusation also required one on the firearm possession charge. The court remanded for a new trial for the misdemeanor of simple battery and the crime of possession of a firearm during the commission of a felony.
In Mahaun v. State, 377 So.2d 1158 (Fla. 1979), the appellants were charged with third-degree felony murder and aggravated child abuse. Patricia Mahaun was found guilty by the jury of third-degree felony murder and child abuse by culpable negligence, a lesser included misdemeanor of the felony of aggravated child abuse. We concluded that by returning the verdict of guilty of the misdemeanor the jury had acquitted her of the felony of aggravated child abuse. We held that since the felony of aggravated child abuse was an essential *956 element of the felony murder, Mrs. Mahaun could not be convicted on the latter charge.
In the present case the jury in effect acquitted petitioner of the felonies of aggravated battery and attempted aggravated battery when it found him guilty of the lesser included offense of simple battery, a misdemeanor. The existence of a felony or an attempted felony is an essential element of the crime of unlawful possession of a firearm during the commission of a felony. § 790.07(2), Fla. Stat. (1977).[1] Therefore, petitioner may not be convicted of that crime. A conviction for unlawful possession of a firearm during the commission of a felony must stand or fall in conjunction with the underlying felony. Ferrell v. State, 358 So.2d 843 (Fla.3d DCA 1978), cert. denied, 366 So.2d 885 (Fla. 1979).
That portion of the district court decision that reversed the trial court's order in arrest of judgment is quashed. We remand the case to the district court with directions to reinstate the trial court's order and to remand for a new trial on the charge of simple battery.
It is so ordered.
ADKINS, OVERTON and ALDERMAN, JJ., concur.
SUNDBERG, C.J., and ENGLAND and McDONALD, JJ., dissent.
NOTES
[1] Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.