HENDRY, Judge.
Appellant, Lorenzo Marshall, and a co-defendant, Joseph Theodore Jenkins[1] were *715 charged in a four count information with: (I) kidnapping; (II) armed robbery; (III) sexual battery with the use of a firearm; and (IV) possession of a firearm during the commission of a felony. At trial, the jury returned a verdict finding Jenkins guilty on all counts and appellant Marshall, not guilty as to count I, kidnapping, and count IV, possession of a firearm during the commission of a felony, and guilty on counts II and III, armed robbery and sexual battery with the use of a firearm.
Appellant urges on appeal that the trial court erred in adjudicating him guilty of armed robbery and armed sexual battery (counts II and III) under sections 812.-13(2)(a) and 794.011, Florida Statutes (1981), because he was acquitted by the jury of possession of a firearm during the commission of the felonies (count IV), section 790.07(2), Florida Statutes (1981), resulting in “legally inconsistent” verdicts which, under the rule established by our supreme court in Mahaun v. State, 377 So.2d 1158 (Fla.1979) and Redondo v. State, 403 So.2d 954 (Fla.1981), requires reversal of the convictions for armed robbery and sexual battery with the use of a firearm.
We do not agree that the Mahaun and Redondo cases are controlling in the instant case. The defendants in Mahaun were charged with third-degree felony murder and aggravated child abuse. The jury returned a verdict of guilty of the lesser included misdemeanor of culpable negligence as to Mrs. Mahaun, thereby acquitting her of the felony. The supreme court held that since the felony of aggravated child abuse was an essential element of the felony murder, Mrs. Mahaun could not be convicted on the latter charge.
In Redondo, the defendant was charged with aggravated battery and unlawful possession of a firearm while engaged in the commission of a felony. On the aggravated battery charge, the jury found him guilty of the lesser included offense of simple battery, and guilty as charged of possession of a firearm during the commission of a felony. On appeal, the supreme court reversed Redondo’s conviction on the possession charge, holding that a conviction for unlawful possession of a firearm must stand or fall in conjunction with the underlying felony.
Accordingly, both Mahaun and Redondo involved acquittal of the underlying felony which served as the basis for the felony murder charge in Mahaun and the possession of a firearm during the commission of a felony charge in Redondo, thus necessitating reversal of the latter charges. In the instant ease, we have the reverse situation since Marshall was convicted of the underlying felonies and acquitted of the unlawful possession charge. Marshall’s argument, in a nutshell, is that since the jury acquitted him of possessing a firearm during the other two offenses, then logically and legally he can’t be convicted of armed robbery and armed sexual battery. We disagree. Other than Mahaun and Redondo, which we find inapplicable to the present situation, appellant has not cited, nor have we been able to discover, a single case which mandates this result. No illegality occurs where, as here, a defendant is convicted of an armed felony even though he is not the so-called “trigger-man” during a criminal episode. See, e.g., Zarro v. State, 390 So.2d 811 (Fla. 5th DCA 1980) (where defendant’s accomplice, but not defendant, carried a firearm during robbery, defendant properly convicted of robbery with a deadly weapon, but imposition of mandatory minimum sentence for possession of a firearm during commission of robbery pursuant to section 775.057 improper since the statute requires a defendant to have a firearm in his actual, not vicarious, possession).
Prior to deliberation in Marshall’s trial, the court, without objection from the defense, gave the jury the following standard instruction:
A separate crime is charged in each count of the information. Each crime and the evidence applicable to it must be considered separately. The fact that you may find the Defendant guilty, or not guilty, of one or more of the crimes charged must not affect your verdict with respect to any other Defendant’s crime charged.
*716 Marshall was found guilty of armed robbery and armed sexual battery upon evidence that was clearly sufficient to support the convictions on each of these counts, and was separately sentenced for the crimes. See § 775.021(4), Fla.Stat. (1981).[2] The finding as to count IV is irrelevant since the jury may return inconsistent verdicts.[3] See Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); McCloud v. State, 335 So.2d 257 (Fla.1976); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Corbo v. State, 347 So.2d 133 (Fla.3d DCA), cert. denied, 354 So.2d 979 (Fla.1977); Miller v. State, 220 So.2d 652 (Fla.3d DCA), appeal dismissed, 225 So.2d 913 (Fla.1969); Harrell v. State, 194 So.2d 306 (Fla.3d DCA 1967); State v. Trafficante, 136 So.2d 264 (Fla.2d DCA 1961). See also, McCray v. State, 397 So.2d 1229, 1231 (Fla.3d DCA), review granted (Fla.1981) (“where the verdicts ... may be explained on any rational basis, inconsistency furnishes no ground for reversal”).
For the reasons stated the judgment and sentences are affirmed.
Affirmed.

. Jenkins is not a party to this appeal.

. Section 775.021(4), Florida Statutes (1981) provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
According to supreme court interpretations of this provision, see State v. Monroe, 406 So.2d 1115 (Fla.1981); State v. Hegstrom, 401 So.2d 1343 (Fla.1981), multiple sentences but not multiple convictions for lesser included offenses are prohibited. Thus, Marshall could have been convicted on the possession charge as well as the armed robbery and sexual battery charges, but not given an additional sentence therefor.

. Of course, the reason for the “inconsistent” verdicts in this case is, undoubtedly, the jury’s use of its pardon power. Based on the evidence and 'the jury’s other findings, the jury concluded that there was an armed robbery and sexual battery with the use of a firearm, and that Marshall and co-defendant Jenkins (who actually possessed the firearm throughout the incident and was found guilty on all four counts) were the perpetrators. The jury questioned the court concerning the possession charge, and apparently decided not to convict Marshall on this count due to confusion regarding possession and display of a firearm since Marshall was not the triggerman, and therefore only “vicariously” possessed the firearm. As our previous discussion notes, this is no impediment to conviction for the armed robbery and sexual battery with the use of a firearm.