425 So.2d 542 (1983)
Eugene PITTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 61086.
Supreme Court of Florida.
January 6, 1983.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Janet Reno, State Atty. and Ira N. Loewy, Asst. State Atty., Eleventh Judicial Circuit, Miami, for respondent.
ADKINS, Justice.
Eugene Pitts, the petitioner (hereinafter referred to as defendant), in this case, seeks review and reversal of the decision of the Third District Court of Appeal in State v. Pitts, 400 So.2d 549 (Fla. 3d DCA 1981). Conflict is alleged between Pitts and the cases of Mahaun v. State, 377 So.2d 1158 (Fla. 1979), and Redondo v. State, 403 So.2d 954 (Fla. 1981). We have jurisdiction. Article V, § 3(b)(3), Fla. Const.
The facts surrounding the incident giving rise to the instant case are not at all clear. Defendant and one Willie Williams were involved in a bar room fracas which resulted in Williams' being wounded by a gun possessed by defendant. It seems as *543 though both men argued shortly before the shooting incident. Defendant was removed from the bar. He returned shortly, and according to him, was attacked by Williams. A defense witness testified that he heard shots fired after Williams attacked defendant. Williams testified that defendant reentered the bar with a gun in his hand. One of the security guards at the bar also testified that he saw defendant standing inside of the bar holding a firearm.
Defendant was charged with aggravated battery and possession of a firearm during the commission of the aggravated battery.
The jury found defendant not guilty of the aggravated battery charge but they found him guilty of the possession charge. The trial court granted defendant's motion in arrest of judgment and entered an order to that effect. In her order the judge found the verdicts to be legally inconsistent. She also found that based on the jury's acquittal on the aggravated battery charge the jury must have also found lacking an essential element of the possession charge.
The district court reversed the order arresting defendant's judgment and conviction on the possession charge based on an earlier holding by that court in McCray v. State, 397 So.2d 1229 (Fla. 3d DCA 1981). Defendant seeks review of this decision.
Defendant argues that his acquittal on the aggravated battery charge requires that his conviction on the possession charge be vacated according to the rule established by this Court in Mahaun v. State and Redondo v. State.
We disagree. In Mahaun the defendant, Patricia Mahaun, was charged with third-degree felony murder and aggravated child abuse. Aggravated child abuse was the underlying felony in this case and was an essential element of the felony murder. The jury did not find defendant guilty of aggravated child abuse or attempted aggravated child abuse. She was found guilty of culpable negligence, a lesser included misdemeanor. We reasoned that because defendant's conviction for culpable negligence effectively held her innocent of the aggravated child abuse charge, and because the aggravated child abuse felony was an essential element of the felony murder, she could not have been guilty of third-degree felony murder. The jury's verdict of guilty of third-degree felony murder was clearly legally inconsistent with its verdict of guilty of culpable negligence.
The facts of Mahaun do not apply to the instant case. Here defendant was charged with aggravated battery with a firearm and possession of a firearm while engaged in the aggravated battery. He was acquitted on the aggravated battery charge but was convicted on the possession charge. The trial judge instructed the jury that:
It is a crime for any person to display, use, threaten or attempt to use a firearm while committing or attempting to commit a felony. The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in count two are that, one, the defendant did commit or attempt to commit the felony of aggravated battery; two, while committing or attempting to commit the aggravated battery the defendant displayed, used, threatened or attempted to use a firearm.
(Emphasis added). This instruction makes it clear that the jury's acquittal on the aggravated battery charge did not preclude its finding of guilt on the possession charge. The occurrence of an aggravated battery is not a prerequisite to a finding of guilt on the possession charge. An attempted aggravated battery is sufficient, and while the jury made no explicit finding of an attempted aggravated battery, it is a logical and plausible inference on their part based on the evidence before them. And more important, unlike what transpired in Mahaun, it is not inconsistent with their ultimate finding of fact. No further inquiry into the thought process of the jury is necessary or permissible. The jury could find defendant guilty of the possession charge in accordance with the instructions they were given.
Defendant also argues that our holding in Redondo requires that his conviction be vacated. For the same reasons, we disagree.
*544 Redondo, with facts similar to those in this case, is also inapplicable. In that case defendant was convicted of simple battery and unlawful possession of a firearm while engaged in the commission of a felony, aggravated battery. The conviction for simple battery effectively rendered defendant not guilty for aggravated battery or attempted aggravated battery, essential elements of the crime of possession of a firearm during the commission of the aggravated battery. The jury in the instant case made no finding, as did the jury in Redondo, that would preclude their finding defendant guilty of the possession charge.
In both cases cited by defendant the jury returned verdicts that were legally inconsistent in that an essential element of the crime for which the jury found defendant guilty was missing by virtue of its other verdict. Here the jury made no such affirmative finding that defendant was guilty of a lesser included offense of the crime of aggravated battery. Such a finding would have brought this case within the ambit of our holdings in Mahaun and Redondo, but that is not the case.
We approve the decision of the district court and remand this cause to the district court for further remand to the trial court with instructions to vacate its order in arrest of judgment and sentence defendant accordingly.
It is so ordered.
ALDERMAN, C.J., and McDONALD and EHRLICH, JJ., concur.
OVERTON, J., dissents with an opinion, with which BOYD, J., concurs.
OVERTON, Justice, dissenting:
I dissent because I find that Mahaun v. State, 377 So.2d 1158 (Fla. 1979), and Redondo v. State, 403 So.2d 954 (Fla. 1981), control this situation. Pitts was charged with aggravated battery and with possession of a firearm during the commission of the aggravated battery. The jury found Pitts not guilty of the aggravated battery charge but guilty of the possession charge. I agree with the trial judge that the verdicts are legally inconsistent. The charges against Pitts arose from a single incident. Further, an essential element of the offense of possession of a firearm during the commission of an aggravated battery is that the jury find that an aggravated battery was committed.
The majority reasons that there was a basis for these inconsistent verdicts because the jury could have found that Pitts was guilty of attempted aggravated battery. I cannot accept this reasoning because in this case the jury was not given an instruction that an attempted aggravated battery was a lesser included offense. Nor was a definition of "attempt" given in the instructions as required by the Standard Jury Instructions. There is absolutely no distinction between this case and Redondo. I could better understand the majority view if it had expressly overturned Redondo and Mahaun. This decision leaves the law in this area in absolute chaos. Given Redondo, Mahaun, and this decision, trial judges will be unable to determine when verdicts are legally inconsistent. I would quash the decision of the district court with directions to reinstate the order of the trial judge.
BOYD, J., concurs.