431 So.2d 320 (1983)
Carlos AYRADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-329.
District Court of Appeal of Florida, Third District.
May 17, 1983.
*321 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
The defendant Carlos Ayrado appeals his conviction and sentence entered below for the offense of unlawful display of a firearm during the commission of a felony [§ 790.07(2), Fla. Stat. (1981)]. He contends that under the authority of Redondo v. State, 403 So.2d 954 (Fla. 1981) and Mahaun v. State, 377 So.2d 1158 (Fla. 1979), his conviction on said offense must be reversed because the jury below acquitted the defendant, on grounds of insanity, of the underlying felonies (i.e., first degree murder and attempted first degree murder) upon which the said firearm display conviction rests. We entirely agree and reverse the conviction and sentence herein based on the above authorities.
By acquitting the defendant Ayrado on grounds of insanity on the charges of first degree murder and attempted first degree murder, the jury necessarily found *322 that the defendant lacked the necessary mens rea to be held criminally responsible for his conduct as to the charged felonies. See e.g., State ex rel. Boyd v. Green, 355 So.2d 789, 792 (Fla. 1978). Having so concluded, it was totally inconsistent for the jury to convict the defendant Ayrado of displaying a firearm while committing or attempting to commit these same underlying felonies for which the defendant was not criminally responsible. It was, therefore, reversible error for the trial court to deny the defendant's post-trial motions for an arrest of judgment and a judgment of acquittal as to the aforesaid firearm display conviction.
We reject the state's contention that the point has not been preserved for appellate review. There is no requirement, as urged, that the defendant (a) object at trial to a standard jury instruction that each crime charged in the indictment be considered separately and that a finding of guilty or not guilty on one count should not affect the verdict on any other count, or (b) object at trial to the verdict prior to its being recorded and the jury discharged. The Mahaun-Redondo line of cases imposes no such requirements in order to preserve for appellate review the point urged herein; it is sufficient if the defendant, as here, files a post-trial motion for arrest of judgment or a post-trial motion for judgment of acquittal in the trial court as to the firearm display conviction urging the point herein involved.
We also reject the state's contention that the jury could have found the defendant not guilty by reason of insanity on the underlying felonies of first degree murder and attempted first degree murder, and then, quite consistently, found the defendant guilty of a lesser offense of aggravated battery as an underlying felony sufficient to sustain the firearm display conviction. The jury was never instructed that aggravated battery was one of the underlying felonies in the firearm display count, and therefore the jury could not have reached such a result. This crucial fact distinguishes the instant case from Pitts v. State, 425 So.2d 542 (Fla. 1983) and McCray v. State, 425 So.2d 1 (Fla. 1983), affirming 397 So.2d 1229 (Fla. 3d DCA 1981). Beyond that, we think it plainly inconsistent for the jury to conclude that the defendant lacked a mens rea as to the underlying felonies because of his insanity, and yet somehow possessed a mens rea and was entirely sane as to a lesser included offense.
The convictions and sentences under review are reversed and the cause is remanded to the trial court with directions to discharge the defendant from the cause.