COBB, Chief Judge.
The defendant below, Robert Eugene Davidson, was charged in two counts of an information with (I) shooting into a building and (II) use of a firearm while committing or attempting to commit a felony. He was found not guilty under Count I and guilty as charged under Count II. He appeals his conviction on the basis that the verdicts below were inconsistent.
The state relies on Pitts v. State, 425 So.2d 542 (Fla.1983), to sustain the firearm conviction. In Pitts the defendant was charged with aggravated battery and possession of a firearm during commission of aggravated battery; he was acquitted on the aggravated battery charge but convicted on the possession charge. The Florida Supreme Court upheld the possession conviction against an attack of inconsistency on the rationale that, under the instructions in that ease, the jury could have found the possession charge to be supported by the felony of attempted aggravated battery. It is apparent from reading the majority and dissenting opinions in Pitts that the jury was not afforded the opportunity to consider or specifically pass upon the lesser included offense of attempted aggravated battery. The majority opinion in Pitts distinguished the prior decisions in Mahaun v. State, 377 So.2d 1158 (Fla.1979), and Redondo v. State, 403 So.2d 954 (Fla.1981).
In Mahaun the jury returned a guilty verdict on Count I on a lesser included misdemeanor of the underlying felony charge; guilt on the underlying felony was necessary to support a greater felony which was charged against the defendant in Count II. The misdemeanor conviction in that case, according to Pitts, effectively operated as an acquittal of the necessary *881 felony charge underlying the greater felony charge, thereby rendering the verdicts inconsistent. In Redondo the court again was presented with a case wherein there was a misdemeanor conviction on the underlying felony charge, and the result was governed by the rationale of Mahaun.
Pitts is clearly distinguishable from the instant case on the same basis that it distinguished Redondo and Mahaun. Here, the jury was instructed as to the elements of attempt in regard to Count I, shooting into a building. The jury verdict form returned as to Count I shows the jury expressly found the defendant not guilty as to both the crime as charged, and the lesser included offense of attempted shooting into a building. Thus, there was no remaining underlying felony offense to support the firearm offense under Count II, and the verdicts were inconsistent under the rationale of Redondo and Mahaun.
REVERSED.
DAUKSCH and ORFINGER, JJ., concur.