UPCHURCH, Chief Judge.
John Wishop appeals from an order denying a motion for arrest of judgment. Wish-op was initially charged with attempted first degree murder and the possession of a firearm in the commission of a felony. He was convicted of attempted second degree murder and possession of a firearm in the commission of a felony. Wishop contends that because the state elected to charge him with possession of a firearm while attempting to commit first degree murder, he cannot be convicted of the firearm possession charge after he was acquitted on the underlying felony (attempted first degree murder) and found guilty of the lesser felony.
*1381 In support of his motion for arrest of judgment, Wishop cited Redondo v. State, 403 So.2d 954 (Fla.1981), where the court held that a conviction for unlawful possession of a firearm during the commission of a felony “must stand or fall in conjunction with the underlying felony.” In Redondo, the defendant was charged with aggravated battery and the jury found the defendant guilty of the lesser offense of simple battery, a misdemeanor, in addition to possession of a firearm during the commission of a felony. Id. at 955. The Florida Supreme Court held that the weapon possession charge could not stand because there was no underlying felony. Id. at 956. The trial court distinguished Redondo, where no felony was proven, from the instant case, stating “the jury did find defendant guilty of attempted murder but in the second degree rather than the first degree.” The statutory provision dealing with possession of a firearm during the commission of a felony provides:
Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.-084. (emphasis supplied)
§ 790.07(2), Fla.Stat. (1985).
The Redondo decision has been repeatedly followed where the defendant was convicted of possession of a firearm during a felony when there was no remaining underlying felony. Davidson v. State, 458 So.2d 880 (Fla. 5th DCA 1984); Herring v. State, 435 So.2d 865 (Fla. 3d DCA), cert. denied, 464 U.S. 1018, 104 S.Ct. 549, 79 L.Ed.2d 723 (1983); Agrado v. State, 431 So.2d 320 (Fla.3d DCA 1983). See also Pitts v. State, 425 So.2d 542 (Fla.1983); Mahaun v. State, 377 So.2d 1158 (Fla. 1979). Under Florida law once an information or indictment charges a particular degree of a crime the jurors may find the defendant guilty of the degree charged or of any lesser degree. See Fla.R.Crim.P. 3.490 and Fla.R.Crim.P. 3.510(b). In the instant case, there was an underlying felony to support the weapons charge and the fact that the state charged a greater felony offense than that for which Wishop was convicted has no effect. The decision below is
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.