PER CURIAM.
We reverse the defendant’s conviction for possession of a firearm during the commission of a felony and remand the cause to the trial court with directions to vacate *1080 its denial of the defendant’s motion in arrest of judgment and to discharge the defendant. We hold that the jury’s verdict acquitting the defendant of robbery, the felony underlying the possession charge, precluded it from returning a guilty verdict on the possession charge, see Redondo v. State, 403 So.2d 954 (Fla.1981); Mahaun v. State, 377 So.2d 1158 (Fla.1979); Ayrado v. State, 431 So.2d 320 (Fla. 3d DCA 1983). Where, as here, the record without dispute reflects that the underlying felony was complete, and there was thus no evidentia-ry support for a finding of, or an instruction to the jury on, attempt, and, quite correctly, no attempt instruction was given, the exception to the Mahaun-Redondo rule outlined in Pitts v. State, 425 So.2d 542 (Fla.1983), is inapplicable.
Reversed with directions to discharge.