COBB, Judge.
The appellant, Dana Wainwright, was charged with six felony counts: Count I, aggravated assault with a firearm or deadly weapon; Count II, aggravated assault with intent to commit sexual battery; Count III, use of a firearm while committing or attempting to commit a felony, to-wit: aggravated assault or sexual battery or any other lesser included felony thereof; Count IV, kidnapping; Count V, sexual battery (fellatio); Count VI, sexual battery (vaginal penetration).
These charges arose from a sexual encounter between Wainwright and a vacationing woman in the Orlando area. The victim testified at trial that she met Wainwright by chance and agreed to go out with him later the same evening. According to her testimony, he drove her to a secluded area and pulled a gun. They exited the car and he tied her hands behind her back. Prompted by fear, she engaged in non-consensual oral and vaginal intercourse.
On the other hand, Wainwright claimed the sexual activities were consensual. He admitted he had a pellet gun in his car, but denied threatening the victim with it. Wainwright also admitted to wrapping a rope around her hands to satisfy his own sexual “peculiarity.” A subsequent medical examination found no evidence of sexual intercourse or vaginal trauma, but the examiner saw a red mark on the victim’s left wrist.
The jury acquitted Wainwright of Counts I and II (the aggravated assault counts) and also of Count IV (kidnapping). Wainwright was convicted of the lesser included misdemeanor offenses of battery on Counts V and VI and convicted as charged on Count III. It is the felony conviction on Count III that is the basis of this appeal.
Wainwright contends on appeal that he cannot be convicted of a crime (possession of a firearm) that is contingent on the commission of a felony when the jury has acquitted him of all other felonies he was charged with. The state counters that the conviction is proper based on Pitts v. State, 425 So.2d 542 (Fla.1983).
In Pitts, the defendant was charged with aggravated battery with a firearm and possession of a firearm in the commission of a felony. He was acquitted of the aggravated battery charge but convicted of the *1331 firearm charge. In affirming the conviction, the Florida Supreme Court’s majority opinion inferred that the jury implicitly found Pitts guilty of attempted aggravated battery (a crime upon which they were not instructed and for which no verdict form was furnished) based upon the evidence before them; thus, the attempt supported the firearm charge. The dissent by Justice Overton observed that Pitts was irreconcilable with the earlier cases of Redondo[1] and Mahaun[2] and left “the law in this area in absolute chaos.” Id. at 544.
There are several reasons why Pitts cannot support the firearm conviction in the instant case. In the first place, there is no evidence here, as we must assume there was in Pitts, of an attempt to commit any felony offense that would support the firearm conviction. See Ashley v. State, 493 So.2d 1079 (Fla. 3d DCA 1986). The evidence presented as to the two counts of aggravated assault supplied proof of completed offenses, not attempts. Presumably, that is why there were no attempt instructions or verdict forms for Counts I and II. See Fla.R.Crim.P. 3.510(a). Moreover, attempted aggravated assault, unlike the attempted aggravated battery discussed in Pitts, is not a felony, but a first degree misdemeanor. See §§ 784.021(2); 777.04(4)(d), Fla.Stat. (1987). The sexual battery counts (Counts V and VI) cannot be used to imply a jury finding of an attempted felony because the jury returned misdemeanor convictions on both. See Redondo; Mahaun. Attempted kidnapping under Count IV cannot support the firearm conviction because kidnapping was not charged in Count III, the firearm count.
Lastly, even if it were on point, we would be hard pressed to follow Pitts because it conflicts with fundamental constitutional law. The fifth amendment to the United States Constitution forbids cumulative punishment for both a greater and lesser offense where only a single act or transaction is involved. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In other words, acquittal of either the greater or lesser offense is acquittal of the other (assuming, of course, no simultaneous conviction of the other). See Perkins v. Williams, 424 So.2d 990 (Fla. 5th DCA 1983). We also note that it would appear the Florida Supreme Court has now receded, sub silentio, from Pitts by its reaffirmation of Redondo in the more recent case of State v. Wheeler, 468 So.2d 978, 982 (Fla.1985), wherein it unanimously held:
The third point raised by Wheeler is that if his drug convictions are reversed, his conviction for possession of a firearm during commission of a felony must also be reversed. A conviction on this charge is parasitically linked to a conviction for the underlying felony. If the underlying felony conviction fails, so must the firearms conviction. Redondo v. State, 403 So.2d 954 (Fla.1981).
For the foregoing reasons, the appellant’s conviction for use of a firearm while committing or attempting to commit a felony is reversed.
REVERSED.
SHARP, C.J. and ORFINGER, J., concur.

. Redondo v. State, 403 So.2d 954 (Fla.1981).

. Mahaun v. State, 377 So.2d 1158 (Fla.1979).