PER CURIAM.
This is an appeal by the state from a post-trial order which enters a judgment of acquittal for the defendant on a charge of unlawful possession of a firearm during the commission of a felony — after the jury had acquitted the defendant of first-degree murder and convicted the defendant on the above firearm charge. We affirm the order under review based on the following briefly stated legal analysis.
First, we reject the state’s contention that the defendant waived his right to challenge the inconsistency in the jury verdicts herein by failing to object to a standard jury instruction that each crime charged in the indictment be considered separately and that a finding of guilty or not guilty on one count should not affect the verdict on any other count. Indeed, we have previously rejected this very same argument and have held that the point involving the aforesaid inconsistency in the jury verdict is sufficiently preserved for further review if the defendant, as here, files a post-trial motion for judgment of acquittal notwithstanding the verdict in the trial court. Ayrado v. State, 431 So.2d 320, 322 (Fla. 3d DCA 1983). Moreover, the defendant did not expressly agree to the above instruction, and, thus, McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984), relied on by the state, is inapplicable to this case.
Second, we conclude that the verdicts returned by the jury in this case, an acquittal on the charge of first-degree murder and a conviction on the charge of possessing a firearm while committing the same first-degree murder, are obviously inconsistent and thus the firearm possession conviction was properly set aside based on the rule stated in Mahaun v. State, 377 So.2d 1158 (Fla.1979), and Redondo v. State, 403 So.2d 954 (Fla.1981). Moreover, the two verdicts cannot be reconciled under Pitts v. State, 425 So.2d 542 (Fla.1983), on the theory that the jury could have concluded that the defendant possessed a firearm *432 while committing an attempted murder, as charged in the alternative in the information filed below. This is so because, contrary to the state’s contention, there is utterly no evidence adduced below that the defendant committed an attempted murder.
Affirmed.