590 So.2d 458 (1991)
Joseph CASTILLO, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1166.
District Court of Appeal of Florida, Third District.
November 15, 1991.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
*459 Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Joseph Castillo appeals his convictions for conspiracy to traffic in cocaine, possession of a firearm in the commission of the trafficking felony, and possession of a firearm by a convicted felon. We reverse.
Defendant Castillo first contends that the trial court erred by denying the defendant's motion for judgment of acquittal on the conspiracy charge, where the State failed to prove the necessary elements of the charge.
The law is well-settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime... .
Conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy.... Moreover, conspiracy is one step removed from an attempt to commit the offense which is the object of the conspiracy, and, thus, is two steps removed from the actual commission of the substantive offense.... As such, evidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense ... is insufficient to convict either person of a conspiracy to commit the subject offense.
Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979) (citations omitted), cert. denied, 383 So.2d 1201 (Fla. 1980); accord Garcia v. State, 548 So.2d 284, 285 (Fla. 3d DCA 1989); Velunza v. State, 504 So.2d 780, 782 (Fla. 3d DCA 1987); Ashenoff v. State, 391 So.2d 289, 291 (Fla. 3d DCA 1980); see § 777.04(3), Fla. Stat. (1989).
The evidence in the present case shows that the defendant was a passenger in the car in which the two codefendants drove to the motel which was the site of the proposed drug transaction. Defendant parked the car while the two codefendants went into the motel room to conduct the transaction. The codefendant went to the room after parking the car. One of the codefendants who was indisputably a principal in the transaction testified at trial that so far as he knew, defendant was not fully knowledgeable or involved with the transaction. It was the codefendant's belief that defendant was possibly to serve as the driver.
While it is true that the conspiratorial agreement and intention to commit the unlawful act can be shown by circumstantial evidence, State v. Lamb, 348 So.2d 403, 404 (Fla. 3d DCA 1977); Borders v. State, 312 So.2d 247, 248 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 31 (Fla. 1976), it is also settled that mere presence at the crime scene, without more, is insufficient to establish the existence of a criminal conspiracy. Honchell v. State, 257 So.2d 889, 891 (Fla. 1971); Johnson v. State, 581 So.2d 220, 222 (Fla. 2d DCA 1991). We conclude that the evidence here is insufficient to support the conspiracy conviction and therefore reverse that count.
Defendant's second argument is that the trial court erred in denying the defendant's motion for arrest of judgment following the jury's rendition of inconsistent verdicts. The defendant was charged with possession of a firearm during the commission of a felony, to wit: trafficking in cocaine. See § 790.07, Fla. Stat. (1989). The information also charged the defendant with trafficking in cocaine.[1] When the case went to the jury, the jury was instructed on trafficking in cocaine, as well as the lesser offense of attempted trafficking in cocaine. The jury acquitted the defendant of the charges of both trafficking and attempted trafficking. The jury convicted the defendant of possession of a firearm during the commission of a felony.
Subsection 790.07(2), Florida Statutes (1989), provides, "Whoever, while committing *460 or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree... ." (Emphasis added). Here, the charge under section 790.07 was that the defendant had possessed a firearm while committing or attempting to commit the felony of trafficking in cocaine. The defense argued that the acquittal as to trafficking and attempted trafficking defeated an essential element of the firearm charge, thus creating a fatal inconsistency.
The trial court denied the defense motion, relying on Pitts v. State, 425 So.2d 542 (Fla. 1983). That case is inapplicable here. Pitts involved a situation in which the defendant was charged with aggravated battery and possession of a firearm during the commission of the aggravated battery. Id. at 543. The report of that case indicates that there was an acquittal on the charge of aggravated battery, but the case was not submitted to the jury on the charge of attempted aggravated battery. Id.; see McCray v. State, 397 So.2d 1229, 1230 n. 3 (Fla. 3d DCA 1981), approved, 425 So.2d 1 (Fla. 1983). The supreme court reasoned that because the evidence would have supported a finding of attempted aggravated battery, and because the charge under section 790.07 could be sustained where the jury found that there was unlawful possession of a firearm while engaged in an attempt to commit the felony, it followed that there was no necessary inconsistency between the acquittal of aggravated battery and the conviction on the unlawful possession of firearm charge.
In the present case, the jury acquitted on the charge of trafficking and also on the charge of attempted trafficking. That being so, there is a fatal inconsistency between the acquittal on those substantive charges and the conviction of the firearm charge under section 790.07. See Ashley v. State, 493 So.2d 1079, 1080 (Fla. 3d DCA 1986); Ayrado v. State, 431 So.2d 320, 321-22 (Fla. 3d DCA 1983).
The trial court took a broader view of the Pitts decision and that part of section 790.07 which refers to "any felony." § 790.07(2), Fla. Stat. (1989) (emphasis added). The court concluded that the wording of the statute permitted the conviction under section 790.07 to be sustained so long as the defendant was also convicted of any other felony. In this case there were convictions on the additional felonies of conspiracy to traffic in cocaine,[2] possession of a firearm by a convicted felon, and possession of a concealed weapon. That being so, the trial court denied the defense motion.
We think the trial court erred. In order for the defendant to be able to properly prepare his defense, he must know what charge he is being held to answer. The information or indictment should identify the other felony that the defendant is alleged to have committed or attempted to commit.[3] In this case, the information did so, charging that defendant had possessed a firearm "while committing, or attempting to commit the felony of trafficking in cocaine... ." Defendant was acquitted on trafficking and attempted trafficking. Where the case was tried on the theory that the defendant possessed a firearm while committing a specified felony, a wholly separate felony may not be substituted post-trial in order to support the conviction under section 790.07. The conviction on that count must be reversed.
The defense next contends that the trial court erred by denying the defendant's motion to dismiss the charge of possession of *461 a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1989).[4]
Section 790.23 makes it "unlawful for any person who has been convicted of a felony ... to ... have in his ... possession ... any firearm... ." Id. § 790.23(1) (emphasis added). While the defendant in this case had a prior criminal record, the prior proceedings had resulted in the withholding of adjudication. For purposes of this statute, we construe "conviction" to mean an adjudication of guilt. See Ferguson v. State, 379 So.2d 163, 164 (Fla. 3d DCA 1980); accord Burkett v. State, 518 So.2d 1363, 1366 (Fla. 1st DCA 1988); see also Weathers v. State, 56 So.2d 536, 538 (Fla.), cert. denied, 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692 (1952); Smith v. State, 75 Fla. 468, 78 So. 530 (1918); 14 Fla.Jur.2d, Criminal Law § 3 (1979). Where adjudication has been withheld, the offender is not a convicted felon. Since the defendant was not a convicted felon at the time of the instant offense, the motion to dismiss the charge should have been granted. The conviction on that count is reversed.
We reject defendant's final point on appeal, in which he asserts that the information should have been dismissed on the basis of entrapment. The conviction of the remaining charge, carrying a concealed firearm, § 790.01, Fla. Stat. (1989), is affirmed.
Affirmed in part, reversed in part, and remanded for resentencing.
No motion for rehearing will be entertained.
NOTES
[1] The trafficking charge was in addition to the separate charge of conspiracy to traffic.
[2] This is the conspiracy charge we have reversed.
[3] As explained in Wishop v. State, 490 So.2d 1380 (Fla. 5th DCA 1986), where the other felony is identified, the identification of the greater offense is deemed to include attempts and lesser included offenses. Thus, where the charging document identifies the felony, and the defendant is convicted of an attempt or lesser included felony, the conviction under section 790.07 will be sustained. That is so because the defendant will have had fair notice and an opportunity to defend with respect to such charges.
[4] This charge was severed prior to trial. At the conclusion of trial defendant pled nolo contendere with a reservation of the right to appeal the denial of the defendant's motion to dismiss.