POLEN, J.
 

 The State appeals the order of the trial court, granting Hargrett’s motion to arrest judgment. We hold that the jury’s verdicts in this case are truly inconsistent and affirm the trial court’s order arresting judgment.
 

 Hargrett was charged by information with second-degree felony murder, during the commission of an attempted armed burglary; attempted first-degree murder; and attempted armed burglary. The facts of this case can be summarized as follows: Hargrett alleged that he and his sister’s husband, Otis Edwards, went to Erick Es-quivel’s house on the night in question to buy marijuana from Esquivel’s roommate; however, Esquivel’s roommate was not at the home when Hargrett and Edwards arrived. Esquivel testified that Hargrett and Edwards knocked on his door; when Esquivel began to open the door, Hargrett and Edwards tried to force it open. After Esquivel managed to close and lock the door, Hargrett and Edwards retreated to the parking lot, where their car was parked. When Esquivel opened the door to investigate, Hargrett and Edwards shot at him. Esquivel testified that he shot
 
 *811
 
 back in self-defense. Hargrett was shot and Edwards was killed. Esquivel then called the police.
 

 Hargrett requested the jury not be instructed as to any lesser-included offenses. During its deliberations, the jury sent out the following question: “If found not guilty of attempted armed burglary, can the defendant be found guilty of felony murder in the second degree?” The trial court told the jury to refer to the written instructions given to them.
 

 The jury found Hargrett guilty of second-degree felony murder, as charged in the information; not guilty of attempted first-degree murder; and not guilty of attempted armed burglary. The trial court adjudicated Hargrett guilty in accordance with the verdict, and sentenced him to twenty-five years in prison, with a twenty-year mandatory minimum. The trial court then granted Hargrett’s motion for arrest of judgment, finding that the jury rendered inconsistent verdicts when it found him guilty of second-degree felony murder but acquitted him of the attempted armed burglary charge. This appeal followed.
 

 The State argues that the trial court erred in finding that the jury’s verdict acquitting Hargrett of attempted armed burglary required that Hargrett’s conviction for second-degree felony murder be vacated as a “truly inconsistent” verdict. The State argues that under
 
 Pitts v. State,
 
 425 So.2d 542 (Fla.1983), the occurrence of an attempted
 
 armed
 
 burglary is not a prerequisite to a finding of guilt on the second-degree felony murder charge; instead an attempted (unarmed) burglary is sufficient. While the jury made no explicit finding of an attempted (unarmed) burglary, the State argues that it is a logical and plausible inference that the jury found that Hargrett committed an attempted burglary. Thus, the State argues that the order must be reversed and the cause remanded for reinstatement of the judgment and sentence.
 

 “An inconsistent verdicts claim presents a pure question of law and is reviewed de novo.”
 
 Brown v. State,
 
 959 So.2d 218, 220 (Fla.2007) (citing
 
 Dial v. State,
 
 922 So.2d 1018, 1020 (Fla. 4th DCA 2006)). “As a general rule, inconsistent jury verdicts are permitted in Florida.”
 
 Brown,
 
 959 So.2d at 220 (citing
 
 Eaton v. State,
 
 438 So.2d 822 (Fla.1983)). There is only one exception to this general rule: The “true” inconsistent verdict exception, which comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent.
 
 Id.
 
 “[T]rue inconsistent verdicts are ‘those in which an acquittal on one count negates a necessary element for conviction on another count.’ ”
 
 Id.
 
 (quoting
 
 Gonzalez v. State,
 
 440 So.2d 514, 515 (Fla. 4th DCA 1983)). Consistent verdicts are required when “the underlying felony was a part of the crime charged — without the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.”
 
 Id.
 
 at 220-21 (citing
 
 Eaton,
 
 438 So.2d at 823).
 

 In
 
 Brown,
 
 Brown was charged with armed robbery and first-degree felony (robbery) murder in the shooting death of a participant in a drug deal whose wallet the defendant and two co-perpetrators were attempting to steal.
 
 Brown,
 
 959 So.2d at 219. As reflected in the jury verdict form, Brown was charged with two legally interlocking offenses: Count I included the charged offense of first-degree murder as well as the lesser included offenses of second-degree murder and manslaughter; Count II included the charged offense of armed robbery with a firearm as well as the lesser included offenses of robbery and petit theft.
 
 Id.
 
 Attempted robbery was
 
 not
 
 listed as a lesser included
 
 *812
 
 offense in Count II.
 
 Id.
 
 (emphasis in original).
 

 The jury found Brown guilty of petit theft as a lesser included offense of the armed robbery charge and guilty of first-degree felony murder.
 
 Id.
 
 The trial court vacated Brown’s felony murder conviction as ‘“legally inconsistent’ with the theft conviction, on the theory that an acquittal of armed robbery, implied by the guilty verdict of the ‘lower’ offense of theft, precluded the finding that the defendant had committed that felony, as required for a felony murder conviction.”
 
 Id.
 
 at 220. On appeal, the Third District reversed and instructed the trial court to reinstate Brown’s first-degree felony murder conviction:
 

 [Tjhere is no true legal inconsistency because of the rational possibility (which is, in fact, consistent with the evidence in this case) that the guilty verdict as to first degree felony murder was based on a finding that, as the felony statute provides and as the jury was instructed, the death occurred in the course of an
 
 attempted
 
 robbery, rather than a completed one. Because attempted robbery was not instructed upon as a lesser included offense of the robbery count, and was thus not rejected by the jury, the two verdicts logically can be reconciled, thus requiring reversal.
 

 Id.
 
 On review, the supreme court quashed the decision of the Third District and held:
 

 [I]n
 
 Mahaun
 

 [1]
 

 and
 
 Redondo,
 

 [2]
 

 this Court explained that convictions for lesser included misdemeanors of a separately charged underlying felony negate the essential underlying felony element of felony murder. In
 
 Mahaun,
 
 Patricia Mahaun was convicted of third-degree felony murder and misdemeanor culpable negligence.
 
 Mahaun,
 
 377 So.2d at 1159. This Court stated that “Mrs. Ma-haun’s conviction for culpable negligence effectively holds her innocent of the aggravated child abuse charge.” And, “[b]ecause the aggravated child abuse felony was an essential element of the felony murder,” this Court vacated Mrs. Mahauris felony murder conviction.
 
 Id.
 
 at 1161. Similarly, in
 
 Redondo,
 
 the jury convicted Redondo of misdemeanor simple battery and possession of a firearm during the commission of a felony.
 
 Redondo,
 
 403 So.2d at 955. This Court explained that “the jury in effect acquitted petitioner of the felonies of aggravated battery and attempted aggravated battery when it found [Redondo] guilty of the lesser included offense of simple battery, a misdemeanor.”
 
 Id.
 
 at 956. We held that Redondo could not be convicted of the possession count since “[t]he existence of a felony or an attempted felony is an essential element of the crime of unlawful possession of a firearm during the commission of a felony.”
 
 Id.
 

 Based upon the decisions in
 
 Mahaun
 
 and
 
 Redondo,
 
 the jury in
 
 Brown
 
 returned true inconsistent verdicts. The jury found Brown guilty of petit theft as a lesser included misdemeanor of the separately charged underlying felony and guilty of first-degree felony murder. By finding Brown guilty of a lesser included misdemeanor of the separately charged underlying felony, the jury effectively acquitted him of the essential felony element of first-degree felony murder. In other words, an essential element of felony murder was missing by virtue of the jury’s other verdict. Therefore, the verdicts for first-degree felony murder and petit theft are truly inconsistent.
 

 
 *813
 

 Id.
 
 at 221. The court declined to uphold the verdicts based upon
 
 Pitts:
 

 In
 
 Pitts,
 
 this Court upheld jury verdicts finding the defendant not guilty of aggravated battery and guilty of possession of a firearm during the commission of the aggravated battery.
 
 Id.
 
 at 548. We held that “the jury’s acquittal on the aggravated battery charge did not preclude its finding of guilt on the possession charge” since a finding of attempted aggravated battery would be sufficient to supply the felony element of the possession charge.
 
 Id.
 
 This Court then stated that “while the jury made no explicit finding of an attempted aggravated battery, it [was] a logical and plausible inference on their part based on the evidence before them.”
 
 Id.
 
 However, in
 
 Pitts,
 
 “the jury made no such affirmative finding that defendant was guilty of a lesser included offense of the crime of aggravated battery.”
 
 Id.
 
 at 544. We explained in
 
 Pitts
 
 that “[s]uch a finding would have brought
 
 [Pitts
 
 ] within the ambit of our holdings in
 
 Ma-haun
 
 and Redondo.”
 
 Id.
 
 Therefore,
 
 Pitts
 
 expressly explains that if the jury finds the defendant guilty of a lesser included offense of the separately charged underlying felony,
 
 Mahaun
 
 and
 
 Redondo
 
 apply and not
 
 Pitts.
 
 In this case, the jury in fact did make an affirmative finding that Brown was guilty of a lesser included offense of armed robbery, namely petit theft. Because the jury found Brown guilty of petit theft rather than simply acquitting him of armed robbery, this case falls within the ambit of our holdings in
 
 Mahaun
 
 and
 
 Redondo.
 

 Id.
 
 at 221-22. The court further explained:
 

 As the Third District observed, it is certainly possible that, despite the jury finding Brown guilty of petit theft in the separate offense, Brown’s jury based its verdict regarding felony murder on a finding of attempted robbery. This reasoning rests upon the fact that attempted robbery was included in the felony murder instruction as an alternative to armed robbery as the underlying felony but was
 
 not
 
 listed on the verdict form as a lesser included offense in the separate armed robbery count. Therefore, Brown’s jury was not given the opportunity to choose attempted robbery as a lesser included offense in count II. On the other hand, since the jury found Brown guilty of a lesser included misdemeanor of the separately charged underlying felony, it is also possible that the two verdicts are irreconcilable. If so, then Brown was wrongfully convicted of felony murder.
 

 Id.
 
 at 222.
 

 We hold that the jury’s verdicts in this case are truly inconsistent. Regarding the second-degree felony murder verdict (Count I), the jury found Hargrett guilty, specifically finding that Hargrett actually possessed and discharged a firearm. The jury made no finding with respect to an underlying felony in connection with Count I. In Count III, the jury found Hargrett not guilty of attempted armed burglary. We find that the logical inference to be drawn from these two verdicts is that Hargrett possessed and fired a gun but did not do so during the commission of an attempted armed burglary. Because the jury acquitted Hargrett of attempted armed burglary, while finding that he was in fact armed, we hold that the verdicts reflect that the jury found that Hargrett did not commit an attempted burglary. We find that the State’s “logical and plausible inference” argument (that the jury found that Hargrett committed an attempted burglary) lacks merit. Conse
 
 *814
 
 quently, we affirm the trial court’s order arresting judgment.
 

 Affirmed.
 

 WARNER and GERBER, JJ., concur.
 

 [1]
 

 .
 
 Mahaun v. State,
 
 377 So.2d 1158 (Fla.1979).
 

 [2]
 

 .
 
 Redondo v. State,
 
 403 So.2d 954 (Fla.1981).