PER CURIAM.
Defendant, Robert James McDuffie, appeals his conviction for grand larceny.
On the day in question the victim, James Johnson, had approximately $165 in his pocket when he fell asleep on a park bench. At this time a Mr. Outler observed the defendant walk up to Johnson and remove his money and watch. Mr. Outler notified the police of the incident and the defendant was arrested. An information was filed charging the defendant with grand larceny of the $165. A trial ensued and during the prosecutor’s closing argument to the jury, wherein he was explaining the elements of the crime charged, the trial judge interrupted with the following remark:
“THE COURT: As a matter of fact, so the record is straight, you do not have to consider that at all. Through stipulation of counsel at side-bar, you need not make any decision where it occurred or the date that it was alleged- to have occurred on. The only question that you have to decide on is whether or not this defendant was the one who was involved. Proceed, Counsel.”
The jury returned a verdict of guilty of grand larceny.
Defendant contends the above remark was improper and amounted to a comment upon a very significant issue in question, whether the money taken was in excess of $100. By this remark, the defendant argues, the court indirectly commented that there was no question as to whether or not the amount of money taken exceeded $100, requiring a new trial. We cannot agree.
First, defense counsel did not object to this remark, made no motion for a curative instruction and did not raise this remark as one of the grounds in his motion for new trial. We, therefore, find this remark is not subject to review in this forum. See Foreman v. State, 47 So.2d 308 (Fla.1950); McCrea v. State, 210 So.2d 724 (Fla.3d DCA 1968).
Furthermore, we are unconvinced that the remark constituted fundamental error as the error did not reach down into the legality of the trial itself to such an extent that a verdict of guilty could not have been obtained without the assistance of the above remark. See Hamilton v. State, 88 So.2d 606 (Fla.1956); Sanford v. Rubin, 237 So.2d 134 (Fla.1970). The record reflects that the trial judge repeatedly instructed the jury that it could return a verdict for petit larceny as a lesser included offense of grand larceny. In addition, the victim’s testimony as to the amount of money taken went unchallenged. Cf. Rembert v. State, 311 So.2d 199 (Fla.3d DCA 1975).
Affirmed.