571 So.2d 554 (1990)
Jennifer PRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3026.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from convictions for third degree felony murder and simple battery. The defendant/appellant, Jennifer Pray, raises several arguments on appeal but we find that only one has merit.
Pray was convicted of third degree felony murder on count I and simple battery on count II. Pray argues that the trial court erred in denying her motion for judgment of acquittal on the count for third degree felony murder because she was not convicted of any underlying felony to support the conviction. Section 782.04, Florida Statute (1987) defines third degree felony murder as:
The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate any felony other than any . .. aggravated child abuse. (emphasis added).
The jury acquitted Pray of the underlying felony in count II when it failed to find *555 her guilty of aggravated assault, child abuse or aggravated battery and found her guilty of the lesser included offense of simple battery (a misdemeanor, not a felony). We agree with Pray that without a conviction for an underlying felony she could not be convicted of third degree felony murder. See Mahaun v. State, 377 So.2d 1158 (Fla. 1979.)
The state argues that aggravated assault could have formed the basis of the felony murder since it was not included in the elements of count II and therefore Pray was not acquitted of this charge. We reject this argument, however, because there was no proof to support a conviction of aggravated assault. Assault is defined in section 784.011 as:
[A]n intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
There was no evidence of the five month old infant victim's perceptions or feelings and thus there was inadequate proof of an assault.
Accordingly, we reverse the conviction for third degree felony murder and affirm the conviction for simple battery.
AFFIRMED in part; REVERSED in part.
GLICKSTEIN, WALDEN and WARNER, JJ., concur.