PER CURIAM.
Appellant, William Charles Eason, appeals the denial of his motion for postconviction relief. We affirm.
Eason was convicted of two counts of aggravated assault with a firearm, robbery with a firearm, and possession of a firearm during the commission of an offense. The trial court sentenced him as an habitual violent felony offender.
The sole issue raised on direct appeal was whether the trial court properly found Eason to be an habitual violent felony offender pursuant to section 775.084(4)(b), Florida Statutes (1989). His convictions and sentences were affirmed on appeal. Eason v. State, 586 So.2d 347 (Fla. 3d DCA 1991). Subsequently, Eason moved to correct an illegal sentence pursuant to Rule 3.800. This motion was denied and affirmed on appeal. Eason v. State, 630 So.2d 1114 (Fla. 3d DCA 1993).
Eason raises the following nine grounds for postconviction relief: 1) conviction obtained by use of a coerced confession; 2) *192 conviction obtained by use of evidence obtained pursuant to an unlawful arrest; 3) conviction obtained by a violation of his privilege against self-incrimination; 4) conviction obtained based upon a double jeopardy violation; 5) ineffective assistance of trial counsel; 6) no prior written notice of the State’s intent to seek habitual offender sentencing; 7) violation of his constitutional right to a speedy trial; 8) ineffective assistance of appellate counsel; and 9) imposition of sentence under an incorrect statute.
It is well settled that claims which were or could have been raised on direct appeal are procedurally barred. King v. State, 597 So.2d 780 (Fla.1992); Byrd v. State, 597 So.2d 252 (Fla.1992). Similarly, issues that could have been resolved in a previous collateral proceeding are barred from consideration in a successive collateral proceeding. Straight v. State, 488 So.2d 530 (Fla.1986). Because claims one through four, six, and seven are claims which were or could have been raised on direct appeal, they are procedurally barred.
Eason’s sixth claim regarding imposition of an habitual offender sentence without prior written notice from the State was previously raised both on direct appeal and in his Rule 3.800 motion. This court has already rejected this claim twice on appeal. Eason v. State, 630 So.2d 1114 (Fla. 3d DCA 1993); Eason v. State, 586 So.2d 347 (Fla. 3d DCA 1991).
Moreover, Eason’s ninth claim, that he should have been sentenced under the 1988 version of the habitual violent felony offender statute, rather than the 1989 version, is devoid of merit. Even if the 1988 version of section 775.084(4)(b) was the applicable statute, the trial court found Eason committed “a series of the statutory enumerated crimes” within five years of the date of his last felony conviction. As such, under the circumstances of this case, it makes no difference which version of the statute the court used to impose sentence. See State v. Johnson, 616 So.2d 1 (Fla.1993).
Eason’s ineffective assistance of trial counsel claim is legally insufficient because no factual basis was alleged in the motion for postconviction relief. Kennedy v. State, 547 So.2d 912 (Fla.1989). A defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record, and demonstrate that counsel’s performance was so deficient that but for the deficiency, the outcome of the trial would have been different. Id. at 913-914.
Finally, Eason’s claim of ineffective assistance of appellate counsel is not cognizable in a motion for postconviction relief. Rather, such claims should be presented in a petition for writ of habeas corpus in the appellate court which heard the direct appeal. Knight v. State, 394 So.2d 997 (Fla.1981).
Accordingly, the trial court’s order denying postconviction relief is affirmed.
Affirmed.