705 So.2d 648 (1998)
Yves NOEL, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 96-2330.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
Rehearing Denied March 5, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, and Michael B. Holden of Law Office of Michael B. Holden, P.A., Fort Lauderdale, for appellant/cross appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee/cross appellant.
DELL, Judge.
Yves Noel appeals his convictions and sentences for third degree felony murder, aggravated battery, delivery of cocaine within 1,000 feet of a school, and vehicular homicide. The State of Florida cross-appeals the trial court's reduction of appellant's second degree *649 felony murder conviction to third degree felony murder.
On May 5, 1995, the Pompano Beach Police Department conducted an undercover drug operation. Officer Scibilia met appellant in a parking lot located within 1,000 feet of an elementary school. After appellant gave Scibilia cocaine in exchange for $100.00, Scibilia signaled for the other officers to come in for the arrest. The signaling device malfunctioned, so Scibilia tried to stall appellant with conversation. Appellant put his vehicle in reverse, and Scibilia testified that to the best of his recollection, he told appellant, "Police, Stop." Appellant did not stop, and Scibilia fell off of the jeep driven by appellant and suffered deep bone bruises and muscle contusions. The police pursued appellant through moderate to heavy traffic. Witnesses estimated that appellant traveled at speeds between sixty and one hundred miles per hour and testified that appellant was "zigzagging so he wouldn't hit other cars." Appellant drove through a red light, struck a trailer injuring Jose Filho, and struck a car resulting in the death of Richard Johnson. Appellant left the scene, but the police later captured him.
The State charged appellant by indictment with the following counts: I. first degree felony murder with escape or attempt to escape as the underlying felony; II. aggravated battery on a law enforcement officer; III. delivery of cocaine within 1,000 feet of a school; IV. vehicular homicide; and V. escape. The jury found appellant guilty of the lesser included offense of second degree felony murder, the lesser included offense of aggravated battery, delivery of cocaine within 1,000 feet of a school, and vehicular homicide. The jury acquitted appellant of escape. Thereafter, the trial court reduced the count I conviction of second degree felony murder to third degree felony murder.
The trial court granted the State's motion to aggravate Noel's sentence. The court imposed fifteen years for third degree felony murder, fifteen years for aggravated battery consecutive to count I, thirty years for delivery of cocaine consecutive to count II, and stayed the judgment and sentence for the vehicular homicide count pending appeal.
Appellant raises numerous points on appeal. He contends that the trial court erred in convicting him of third degree felony murder because the jury acquitted him of the underlying felony of escape; convicting him of both third degree felony murder and vehicular homicide; giving an incorrect jury instruction on the felony murder count; allowing a forensic chemist's testimony concerning cocaine; finding sufficient evidence to support the aggravated battery charge; and relying on invalid reasons to support a departure sentence. Appellant also contends that the prosecutor's comments during closing argument amounted to fundamental error. The State asserts that the trial court erred in reducing appellant's conviction in count I from second degree felony murder to third degree felony murder.
We hold that the trial court did not err when it allowed the forensic chemist to testify that cocaine is a controlled substance; that the record contained sufficient evidence to support the aggravated battery charge; and that the prosecutor's comments in closing argument did not reach the level of fundamental error. We also hold that a substantial risk of death or great bodily harm constitutes a valid and sufficient reason for the departure sentence. See §§ 921.0016(3)(i), 921.001(6), Fla. Stat. (1993).
However, appellant correctly contends that he should not have been convicted of third degree felony murder because the jury acquitted him of the underlying felony of escape. In Pray v. State, 571 So.2d 554 (Fla. 4th DCA 1990), the appellant argued that the trial court erred when it denied her motion for judgment of acquittal on the felony murder charge because the jury acquitted her of the underlying felony. This court stated, "We agree with [appellant] that without a conviction for an underlying felony she could not be convicted of third degree felony murder." Id. at 555. Similarly, because appellant was acquitted of the underlying felony of escape, his conviction for third degree felony murder must be vacated. Since we have reversed appellant's conviction of third degree felony murder, we need not address his remaining points on appeal nor the State's contention on cross-appeal.
*650 Accordingly, we reverse appellant's conviction for third degree felony murder. We affirm appellant's conviction for vehicular homicide and remand to the trial court for entry of judgment and sentence on the vehicular homicide count. We affirm his convictions and sentences for aggravated assault and delivery of cocaine within 1,000 feet of a school.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
FARMER and KLEIN, JJ., concur.