GREEN, J.
The appellant, Luis Colon, appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure Rule 3.850 on the grounds of ineffective assistance of counsel. Colon essentially maintains that his trial counsel was ineffective for failing to: (1) properly object, at trial, to the testimony of his co-perpetrator; (2) move for a mistrial; (3) preserve the record for appeal on the corpus delicti issue; and (4) object to improper jury instructions and comments by the trial judge. Colon further asserts that but for the ineffective assistance of counsel, he would have been acquitted of both charges brought against him. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We affirm the lower court’s denial of this motion without an evidentiary hearing where the record conclusively establishes that Colon is entitled to no relief. See Fla. R.Crim. P. 3.850(d); see also Parker v. State, 611 So.2d 1224, 1226-27 (Fla.1992) (quoting Lightbourne v. State, 471 So.2d 27, 28 (Fla.1985)); Riley v. State, 433 So.2d 976, 978 (Fla.1983); Muhammad v. State, 426 So.2d 533, 535 (Fla. 1982).
Colon was charged with and convicted of first degree felony murder and attempted armed robbery. On his direct appeal to this court, he argued, among other things, that his motion for judgment of acquittal on both charges should have been granted where there was insufficient evidence to establish the corpus delicti of the underlying felony of attempted armed robbery of the deceased victim outside of his admissions to his co-perpetrator and/or to the police. Colon thus asserts that an acquittal of the underlying felony charge would have necessarily resulted in an acquittal of the first degree felony murder charge as well. See Mahaun v. State, 377 So.2d 1158, 1161 (Fla.1979); Noel v. State, 705 So.2d 648, 649 (Fla. 4th DCA 1998); Pray v. State, 571 So.2d 554, 555 (Fla. 4th DCA 1990). Colon also argued on his direct appeal that the trial court fundamentally erred in giving a misleading jury instruction and making an improper comment to the jury.
This court per curiam affirmed Colon’s conviction and sentences. See Colon v. State, 660 So.2d 1135 (Fla. 3d DCA 1995). In doing so, citing to Lynch v. State, 293 So.2d 44 (Fla.1974) and Reyes v. State, 155 So.2d 663 (Fla. 3d DCA 1963), we rejected, on the merits, Colon’s argument that the denial of his motion for judgment of acquittal on the corpus delicti issue was error. Clearly then, there is no merit to Colon’s assertion in his Rule 3.850 motion that his trial counsel was somehow ineffective in failing to preserve this issue. More importantly, since this issue was raised and considered by this court on Colon’s direct appeal, he is procedurally barred from raising it again in his motion for post-conviction relief. See Byrd v. State, 597 So.2d 252, 254 (Fla.1992) (holding that post-conviction relief cannot be based on grounds which either were or could have been raised on direct appeal); Eason v. State, 632 So.2d 191, 192 (Fla. 3d DCA 1994).
As to Colon’s remaining argument regarding the judge’s alleged improper comments and jury instruction, citing to McDuffie v. State, 343 So.2d 95 (Fla. 3d DCA 1977), we did indeed conclude on the direct appeal that Colon had waived these issues where his defense counsel failed to interpose contemporaneous objections below. See Colon, 660 So.2d at 1135 (citing to McDuffie, 343 So.2d at 95). However, in order for Colon to be granted post-conviction relief due to his trial counsel’s failure to preserve these issues under Strickland, he must not only demonstrate that the performance of his trial counsel was deficient in this regard, see id. at 687, but also that this deficiency was so prejudicial that it deprived him of a fair trial or a trial whose result was unreliable. See id. We do not believe that Colon has satisfied Strickland’s two pronged test.
Colon asserts that during the voir dire proceedings, his trial counsel was ineffective by failing to object to the court’s instruction to the prospective jurors that a *782 subject’s statement to the police is not necessarily rendered involuntary by virtue of the fact that police may have lied to the subject during an interrogation, but that the use of such a tactic was just one of many factors the jurors could consider in determining whether the subject’s statement was given freely and voluntarily. Because this was a correct statement of the law, see Edmond v. State, 559 So.2d 85, 86 (Fla. 3d DCA 1990); State v. Chavis, 546 So.2d 1094, 1097 (Fla. 5th DCA 1989); State v. Moore, 530 So.2d 349, 350 (Fla. 2d DCA 1988); State v. Manning, 506 So.2d 1094, 1097 (Fla. 3d DCA 1987), Colon’s trial counsel cannot be faulted for not interposing an objection thereto. Moreover, we note that Colon’s trial counsel did request that a special jury instruction be given to the jurors advising them that they could consider “whether anyone lied to the defendant in order to get him to [make the statement].” Although the trial court denied this instruction, the court expanded the standard instruction on statements of the defendant to include that the jurors could consider “any other circumstances that may effect the vol-untariness of defendant’s statements.” Thereafter, Colon’s trial counsel did go on to argue the involuntariness of Colon’s statements to the jury during closing arguments. Based upon the course of these events, Colon’s trial counsel cannot be deemed to be ineffective in this regard.
Finally, Colon maintains that his trial counsel was ineffective in failing to object and preserve for appellate review the trial court’s misinstruction on the accomplice jury instruction. We likewise find no merit to this contention where the trial court inadvertently omitted one word[1] from the standard instruction which was inconsequential to the overall instruction and indeed, harmless given the fact that the complete written jury instruction was sent to the jury room with the jurors during their deliberations. See Lara v. State, 528 So.2d 984, 985 (Fla. 3d DCA 1988) (finding that defense counsel not ineffective in failing to object to prosecutor’s alleged improper final argument where error was harmless).
Therefore, finding no error in the denial of Colon’s 3.850 motion, we affirm.
Affirmed.

. The standard jury instruction on accomplice testimony states in relevant part: “You should use great caution in relying on the testimony of a witness who claims to have helped the defendant commit a crime. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant." Fla. Std. Jury Instr. (Crim.) 17.
In reading this instruction, the trial court inadvertently omitted the word "particularly."