Per Curiam.
The defendant -appeals ..from his conviction on only Count V, aggravated assault with a firearm. He argues that the trial court should have granted his motion for judgment of acquittal on that count because the alleged victim was a one-and-a-half year old child, and no competent evidence existed that the child experienced fear, an essential elemént of assault. See § 784.011(1), Fla. Stat. (2015) (“An ‘assault’ is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person *404 that such violence is imminent”) (emphasis added).
The state concedes that, pursuant to ease law, this court should reverse the defendant’s conviction on only Count V and remand for the trial court to vacate the defendant’s conviction and sentence on that count. See Pray v. State, 571 So.2d 554, 555 (Fla. 4th DCA 1990) (“There was no evidence of the five month old infant victim’s perceptions or feelings and thus there was inadequate proof of an assault.”). We accept the state’s concession.
The defendant also appeals from his sentences on the other five counts for which he was convicted: (I) home invasion robbery with a firearm against victim one; (II) third degree grand theft, as a lesser included offense of robbery with a firearm, against victim two; (III) aggravated assault with a firearm against victim three; (IV) aggravated assault with a firearm against victim two; and (VI) false imprisonment while in possession of a firearm against victim one. He argues that the trial court committed fundamental error by not explaining the sentences it imposed, even though the sentences fell within statutory limits. He also requests that we certify a question of great public importance as to this argument. Without further discussion, we affirm as to this argument and deny the request to certify a question of great public importance. See Alfonso-Roche v. State, No. SC16-1010, 2016 WL 3271894 at *1 (Fla. June 15, 2016) (denying petition for review of certified question of great public importance on related sentencing issue).

Reversed and remanded to vacate conviction and sentence on Count V; sentences affirmed on Counts I, II, III, TV, and VI; request to certify question of great public importance denied.

Warner and Forst, JJ., concur.
Gerber, J., concurs with an opinion.