PER CURIAM.
Justo L. Miranda appeals his conviction for burglary of an unoccupied dwelling. We affirm.[1]
Defendant contends that he should be granted a new trial on account of jury confusion over the instructions in this case. Defendant bases his argument on a note sent out by the jury after the deliberations began.
Defendant was brought to trial on the charges of criminal mischief and burglary. The court informed the jury that those were the charges. In opening statements, the prosecution and defense reiterated that defendant was charged with both offenses.
At the conclusion of all of the evidence the trial court granted the defendant’s motion for judgment of acquittal on the criminal mischief count. This was done out of the presence of the jury. After the motion was granted, the trial court did not tell the jury that the criminal mischief charge had been dismissed. Instead, counsel proceeded directly to closing arguments.
The trial court then instructed the jury on the sole remaining charge, which was burglary of an unoccupied structure. The jury was instructed, inter alia, that “At the time of entering or remaining in the structure the defendant had a fully-formed conscious intent to commit the offense of criminal mischief in that structure.” The court went on to instruct the jury on the elements of criminal mischief as a portion of the burglary charge.
After the jury retired, it sent out a note saying, “Your Honor, is there only one charge? Because in the beginning there were two charges, burglary and criminal mischief.” The court, with the agreement of counsel, advised the jury, “There is only one charge for you to deliberate.” Thereafter, the jury returned a verdict finding defendant guilty as charged.
By motion for new trial, the defendant argued that there must have been jury confusion regarding the criminal mischief charge. Defendant contends that the jury note is evidence of confusion and that he should be given a new trial. We disagree. At the beginning of trial the jury had been told that there were two charges it would be required to decide: burglary and criminal mischief. At the conclusion of the case, it was given instructions on the charge of burglary, with criminal mischief being addressed as an element of the burglary charge. The jury had never been told that the independent criminal mischief charge had been dismissed. The note sent out by the jury is natural and understandable, but it does not reflect any inability to understand the jury instructions. It only requests clarification as to whether burglary was the sole charge to be decided, or whether there were two separate charges the jury was to determine.
The trial court in this case had granted a judgment of acquittal as to the charge of criminal mischief.[2] The court denied the motion for judgment of acquittal as to the burglary count, and properly so. In order to *176 prove the offense of burglary, it was necessary only to show, inter alia, that at the time of entry into the building, the defendant had the fully formed intent to commit the offense of criminal mischief — not that the defendant had committed the completed offense of criminal mischief. See generally Toole v. State, 472 So.2d 1174 (Fla.1985). As to the burglary count, the trial court concluded that there was sufficient evidence to go to the jury, and the defendant does not contend otherwise on this appeal. Similarly, the defendant does not claim that there was any error with regard to the jury instructions.
In sum, there was sufficient evidence to go to the jury. The jury instructions were correct. The jury note does not reveal any difficulty in understanding the jury instructions, but only requests clarification regarding the number of charges being deliberated. There is no basis for a new trial.
Affirmed.
SCHWARTZ, C.J., and COPE, J., concur.

. Although the State argues that defendant's position is procedurally barred, we conclude that we may reach the merits of defendant’s claim. See. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987).

. The correctness of that ruling is not before us.