924 So.2d 86 (2006)
The STATE of Florida, Appellant,
v.
Dewarn Antonio BROWN, Appellee.
No. 3D04-941.
District Court of Appeal of Florida, Third District.
March 8, 2006.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellant.
*87 Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Brown was charged with armed robbery and first degree felony (robbery) murder in the shooting death of a participant in a drug deal whose wallet the defendant and two co-perpetrators were attempting to steal. The jury found the defendant guilty of petit theft as a lesser included offense of the armed robbery charge and guilty of first degree felony murder. This is an appeal by the state from a post-trial order vacating the felony murder conviction as "legally inconsistent" with the theft conviction, on the theory that an acquittal of armed robbery, implied by the guilty verdict of the "lower" offense of theft, precluded the finding that the defendant had committed that felony, as required for a felony murder. See Redondo v. State, 403 So.2d 954 (Fla.1981); Mahaun v. State, 377 So.2d 1158 (Fla.1979). For two reasons, we reverse.

I.
First, the defendant is precluded even from claiming a fatal inconsistency between the verdicts on the two counts because he endorsed and supported the trial judge's charge to the jury, in accordance with the standard jury instruction, that the evidence as to each of the counts must be
considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged.
Fla. Std. Jury Instr. (Crim.) 3.12(a). See Dial v. State, 922 So.2d 1018, 1021 (Fla. 4th DCA 2006); McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984); see also Davis v. State, 459 So.2d 1120 (Fla. 3d DCA 1984); cf. State v. Barton, 523 So.2d 152, 153 n. 2 (Fla.1988)(declining to decide question); State v. Jimenez, 542 So.2d 430 (Fla. 3d DCA 1989).

II.
On the merits, there is no true legal inconsistency because of the rational possibility (which is, in fact, consistent with the evidence in this case) that the guilty verdict as to first degree felony murder was based on a finding that, as the felony statute provides and as the jury was instructed, the death occurred in the course of an attempted robbery,[1] rather than a completed one. See Pitts v. State, 425 So.2d 542 (Fla.1983); McCray v. State, 397 So.2d 1229, 1230 n. 3 (Fla. 3d DCA 1981), approved, 425 So.2d 1 (Fla.1983); *88 Davis, 459 So.2d at 1120; see also Streeter v. State, 416 So.2d 1203, 1206 n. 3 (Fla. 3d DCA 1982); Damon v. State, 397 So.2d 1224 (Fla. 3d DCA 1981). Because attempted robbery was not instructed upon as a lesser included offense of the robbery count, and was thus not rejected by the jury, the two verdicts logically can be reconciled, thus requiring reversal. Cf. Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991)(unlike Pitts and McCray and the case at bar, inconsistency exists when jury is instructed on attempted substantive crime); Wooten v. State, 404 So.2d 1072, 1073 n. 3 (Fla. 3d DCA 1981)(same), review denied, 412 So.2d 471 (Fla.1982); Palacio v. State, 402 So.2d 500, 501 n. 2 (Fla. 3d DCA 1981)(same); McCray, 397 So.2d at 1230 n. 3.
Accordingly, the order under review is reversed with directions to enter a judgment on the jury verdict for first degree murder and for appropriate sentencing thereafter.
Reversed and remanded.
NOTES
[1] Section 782.04(1)(a), Florida Statutes (2001), provides:

The unlawful killing of a human being:
* * *
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
* * *
d. Robbery,
* * *
is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.
(Emphasis added).