959 So.2d 218 (2007)
Dewarn Antonio BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-628.
Supreme Court of Florida.
June 14, 2007.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, and Maria T. Armas, Assistant Attorney General, Miami, FL, for Respondent.
BELL, J.
Dewarn Antonio Brown seeks review of the decision of the Third District Court of Appeal in State v. Brown, 924 So.2d 86 (Fla. 3d DCA 2006), on the ground that it expressly and directly conflicts with the *219 decisions of this Court in Mahaun v. State, 377 So.2d 1158 (Fla.1979), and Redondo v. State, 403 So.2d 954 (Fla.1981). The decisions are in conflict regarding whether a defendant's convictions for the legally interlocking charges of (1) felony murder and (2) the lesser included misdemeanor of the separately charged underlying felony are true inconsistent verdicts. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we hold that a defendant's convictions for felony murder and for the lesser included misdemeanor of the separately charged underlying felony are true inconsistent verdicts. Accordingly, we quash the Third District's contrary determination.

FACTUAL AND PROCEDURAL BACKGROUND
"Brown was charged with armed robbery and first degree felony (robbery) murder in the shooting death of a participant in a drug deal whose wallet the defendant and two co-perpetrators were attempting to steal." Brown, 924 So.2d at 87. After agreeing to rob the victim, Brown and his two co-perpetrators proceeded into an abandoned building, where the victim was waiting. While one co-perpetrator hit the victim, Brown and the other co-perpetrator searched the victim for money. The co-perpetrator who had been hitting the victim possessed a gun, which discharged during the struggle. After the gun fired, Brown panicked and left the premises while his two co-perpetrators continued struggling to retrieve the victim's money. The wallet was later found in a dumpster a short distance away from the scene.
As reflected in the jury verdict form, Brown was charged with two legally interlocking offenses. Count I included the charged offense of first-degree murder as well as the lesser included offenses of second-degree murder and manslaughter. Count II included the charged offense of armed robbery with a firearm as well as the lesser included offenses of robbery and petit theft. Attempted robbery was not listed as a lesser included offense in count II. For first-degree felony murder in count I, the jury was instructed that the State had to prove the following three elements:
One, Andre Robert Sloate is dead. Two, the death occurred as a consequence of and while Dewarn Antonio Brown was engaged in the commission of a robbery. Or B, the death occurred as a consequence of and while Dewarn Antonio Brown was attempting to commit a robbery. Three, Andre Robert Sloate was killed by a person other than Dewarn Antonio Brown but both Dewarn Antonio Brown and the person who killed Andre Robert Sloate were principles [sic] in the commission of a robbery.
For petit theft, listed as a lesser included offense of armed robbery with a firearm in count II, the jury was instructed that the State had to prove the following two elements:
One, Dewarn Antonio Brown knowingly and unlawfully obtained, used, endeavored to obtain or endeavored to use the property of Andre Robert Sloate. And two, Dewarn Antonio Brown did so with intent to either temporarily or permanently deprive Andre Robert Sloate of his right to the property or any benefit from it.
The trial court also instructed the jury that it must consider the evidence applicable to each count separately and that it must return a separate verdict as to each.
"The jury found the defendant guilty of petit theft as a lesser included offense of the armed robbery charge and guilty of first degree felony murder." Brown, 924 So.2d at 87. After the jury returned its verdict and was dismissed, Brown moved *220 to vacate the felony murder conviction, arguing that it was truly inconsistent with the petit theft conviction. Thereafter, the trial court vacated Brown's felony murder conviction as "`legally inconsistent' with the theft conviction, on the theory that an acquittal of armed robbery, implied by the guilty verdict of the `lower' offense of theft, precluded the finding that the defendant had committed that felony, as required for a felony murder conviction." Id.
The Third District reversed and instructed the trial court to reinstate Brown's first-degree felony murder conviction. Id. at 88. The Third District reasoned that "the defendant [was] precluded even from claiming a fatal inconsistency between the verdicts . . . because he endorsed and supported the trial judge's charge to the jury, in accordance with the standard jury instruction, that the evidence as to each of the counts must be `considered separately and a separate verdict returned as to each.'" Id. at 87 (quoting Fla. Std. Jury Instr. (Crim) 3.12(a)). Further, relying on this Court's opinion in Pitts v. State, 425 So.2d 542 (Fla.1983), the Third District determined that the verdicts are not truly inconsistent. The Third District stated:
On the merits, there is no true legal inconsistency because of the rational possibility (which is, in fact, consistent with the evidence in this case) that the guilty verdict as to first degree felony murder was based on a finding that, as the felony statute provides and as the jury was instructed, the death occurred in the course of an attempted robbery, rather than a completed one. Because attempted robbery was not instructed upon as a lesser included offense of the robbery count, and was thus not rejected by the jury, the two verdicts logically can be reconciled, thus requiring reversal.
Brown, 924 So.2d at 87-88 (citations omitted).

ANALYSIS
Brown argues that the verdicts for misdemeanor petit theft and for first-degree felony murder are truly inconsistent. An inconsistent verdicts claim presents a pure question of law and is reviewed de novo. See Dial v. State, 922 So.2d 1018, 1020 (Fla. 4th DCA 2006). This Court has described the general principles regarding inconsistent jury verdicts in the following manner:
As a general rule, inconsistent jury verdicts are permitted in Florida. Eaton v. State, 438 So.2d 822 (Fla.1983); Goodwin v. State, 157 Fla. 751, 26 So.2d 898 (1946); Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA), review dismissed, 444 So.2d 417 (Fla.1983). Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. See Eaton, 438 So.2d at 823. . . .
This Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception, referred to as the "true" inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent. As Justice Anstead explained when writing for the Fourth District Court of Appeal in Gonzalez, true inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." 440 So.2d at 515. For example, this Court has required consistent verdicts when
the underlying felony was a part of the crime chargedwithout the underlying felony the charge could not *221 stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.

Eaton, 438 So.2d at 823; see Mahaun v. State, 377 So.2d 1158 (Fla.1979) (verdict of guilty as to felony-murder set aside where jury failed to find defendant guilty of the underlying felony); Redondo v. State, 403 So.2d 954 (Fla.1981) (defendant could not be convicted of unlawful possession of a firearm during a commission of felony where the jury failed to find the defendant guilty of any felony). An exception to the general rule is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand.
State v. Powell, 674 So.2d 731, 732-33 (Fla. 1996).
More specifically, in Mahaun and Redondo, this Court explained that convictions for lesser included misdemeanors of a separately charged underlying felony negate the essential underlying felony element of felony murder. In Mahaun, Patricia Mahaun was convicted of third-degree felony murder and misdemeanor culpable negligence. Mahaun, 377 So.2d at 1159. This Court stated that "Mrs. Mahaun's conviction for culpable negligence effectively holds her innocent of the aggravated child abuse charge." And, "[b]ecause the aggravated child abuse felony was an essential element of the felony murder," this Court vacated Mrs. Mahaun's felony murder conviction. Id. at 1161. Similarly, in Redondo, the jury convicted Redondo of misdemeanor simple battery and possession of a firearm during the commission of a felony. Redondo, 403 So.2d at 955. This Court explained that "the jury in effect acquitted petitioner of the felonies of aggravated battery and attempted aggravated battery when it found [Redondo] guilty of the lesser included offense of simple battery, a misdemeanor." Id. at 956. We held that Redondo could not be convicted of the possession count since "[t]he existence of a felony or an attempted felony is an essential element of the crime of unlawful possession of a firearm during the commission of a felony." Id.
Based upon the decisions in Mahaun and Redondo, the jury in Brown returned true inconsistent verdicts. The jury found Brown guilty of petit theft as a lesser included misdemeanor of the separately charged underlying felony and guilty of first-degree felony murder. By finding Brown guilty of a lesser included misdemeanor of the separately charged underlying felony, the jury effectively acquitted him of the essential felony element of first-degree felony murder. In other words, an essential element of felony murder was missing by virtue of the jury's other verdict. Therefore, the verdicts for first-degree felony murder and petit theft are truly inconsistent.
The State asks this Court to approve the Third District's finding that no true inconsistency exists in Brown based upon this Court's decision in Pitts v. State, 425 So.2d 542 (Fla.1983). The State argues that based upon Pitts the jury's verdicts can be reconciled by determining that the jury found Brown guilty of felony murder by way of attempted robbery, a finding that the State argues is consistent with the evidence and the jury instructions. However, we decline to uphold the verdicts based upon Pitts.
In Pitts, this Court upheld jury verdicts finding the defendant not guilty of aggravated battery and guilty of possession of a firearm during the commission of the aggravated battery. Id. at 543. We held *222 that "the jury's acquittal on the aggravated battery charge did not preclude its finding of guilt on the possession charge" since a finding of attempted aggravated battery would be sufficient to supply the felony element of the possession charge. Id. This Court then stated that "while the jury made no explicit finding of an attempted aggravated battery, it [was] a logical and plausible inference on their part based on the evidence before them." Id. However, in Pitts, "the jury made no such affirmative finding that defendant was guilty of a lesser included offense of the crime of aggravated battery." Id. at 544. We explained in Pitts that "[s]uch a finding would have brought [Pitts] within the ambit of our holdings in Mahaun and Redondo." Id. Therefore, Pitts expressly explains that if the jury finds the defendant guilty of a lesser included offense of the separately charged underlying felony, Mahaun and Redondo apply and not Pitts. In this case, the jury in fact did make an affirmative finding that Brown was guilty of a lesser included offense of armed robbery, namely petit theft. Because the jury found Brown guilty of petit theft rather than simply acquitting him of armed robbery, this case falls within the ambit of our holdings in Mahaun and Redondo.
To summarize, based on Mahaun and Redondo, Brown's jury verdicts are truly inconsistent because the jury's verdict finding Brown guilty of a lesser included misdemeanor of the separately charged underlying felony negated the essential felony element of first-degree felony murder. Accordingly, we quash the Third District's determination that there is no true inconsistency.
A brief explanation of the rationale or policy behind the true inconsistent verdicts exception will better explain our decision. We do not permit truly inconsistent verdicts "because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand." Powell, 674 So.2d at 733. As the Third District observed, it is certainly possible that, despite the jury finding Brown guilty of petit theft in the separate offense, Brown's jury based its verdict regarding felony murder on a finding of attempted robbery. This reasoning rests upon the fact that attempted robbery was included in the felony murder instruction as an alternative to armed robbery as the underlying felony but was not listed on the verdict form as a lesser included offense in the separate armed robbery count. Therefore, Brown's jury was not given the opportunity to choose attempted robbery as a lesser included offense in count II. On the other hand, since the jury found Brown guilty of a lesser included misdemeanor of the separately charged underlying felony, it is also possible that the two verdicts are irreconcilable. If so, then Brown was wrongfully convicted of felony murder. Applying our reasoning in Powell to these facts, because the possibility of a wrongful conviction exists in this case, the rationale permitting inconsistent verdicts is outweighed. The felony murder verdict must be set aside. The ambiguity in these inconsistent verdicts was primarily created by the unexplained omission of attempted robbery as a possible lesser included offense in count II. The State, not the defendant, must bear the burden of this omission.
In light of the above reasoning, we address the Third District's holding that Brown's assent to Florida Standard Jury Instruction (Criminal) 3.12(a) waived his right to object to the inconsistent verdicts. The State argues that this Court should approve the Third District's holding because Brown invited the true inconsistent verdicts error by assenting to the instruction that the jury consider each count separately. *223 While we agree that Brown assented to the misleading instruction,[1] we do not agree that, in this particular case, Brown's assent to the instruction waived his right to object to the true inconsistent verdicts. The true inconsistent verdicts error in this case did not result solely from the misleading instruction. This error also resulted from the omission of attempted robbery in the armed robbery count on the verdict form. As discussed above, attempted robbery was included in the felony murder instruction as an alternative to armed robbery as the underlying felony but was not listed as a lesser included offense in the separate armed robbery count. And, as discussed above, the State must bear the burden of ensuring parallel verdict forms for legally interlocking counts. In light of this, given that the nonparallel verdict forms also significantly contributed to the true inconsistent verdicts, we find that Brown's assent to instruction 3.12(a) did not waive his right to object to the subsequent verdict. Given this finding, we quash the Third District's contrary holding.

CONCLUSION
The verdicts finding Brown guilty of first-degree felony murder and guilty of the lesser included misdemeanor (petit theft) of the separately charged underlying felony (armed robbery) are truly inconsistent. Moreover, because the nonparallel verdict forms significantly contributed to these true inconsistent verdicts, Brown did not waive the error by assenting to instruction 3.12(a). Accordingly, we quash the Third District's decision in State v. Brown, 924 So.2d 86 (Fla. 3d DCA 2006), and remand with directions to reinstate the trial court's order.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] With legally interlocking counts, instruction 3.12(a) misleads the jury. If the counts are legally interlocking, by definition, the jury should not consider each count separately. This issue, and the suggestion of a new alternative jury instruction, was raised many years ago by Judge Harris of the Fifth District. See Cuevas v. State, 741 So.2d 1234, 1240 (Fla. 5th DCA 1999) (Harris, J., concurring specially). We request that the Committee on Standard Jury Instructions in Criminal Cases consider this issue and propose to the Court an alternative instruction which would address the situation of legally interlocking counts.