977 So.2d 766 (2008)
Alvin Daniel CONRAD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1420.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
*767 James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Alvin Conrad timely appeals from his judgment and sentence for burglary of a structure with a battery therein while armed. We find that Conrad could only be properly convicted of burglary of a structure while armed, but otherwise affirm.
Conrad was charged by amended information with burglary of a structure with a battery therein while armed and three counts of misdemeanor battery. He was tried jointly with co-defendant Mark Fields. Numerous witnesses were called by the State. Taken in the light most favorable to the State, the evidence established that on the evening in question, Conrad and Fields were patrons in Jesse Black's Saloon. Fields insulted a female patron and was told by a bouncer, Ben Desormo, to apologize. At this time, Conrad took an ill-advised, swing at Desormo. Desormo is approximately six foot six inches tall and weighs close to 300 pounds. Desormo knocked Conrad to the floor with one or two punches. Fields and Conrad were then escorted to the door and told to leave. They left the bar but Fields went to his truck and retrieved a shotgun. Fields and Conrad re-entered the bar with Fields yelling "where's the big guy?" Conrad was alleged to have struck three individuals while Fields was holding the shotgun. Fields then used the shotgun to smash the cash register  causing the shotgun to break. Several individuals then attacked and beat Fields and Conrad.
Conrad did not testify and presented no witnesses. Fields testified that the incident started when Desormo knocked Conrad off his stool. Desormo then struck Fields, knocking him unconscious. When Fields regained consciousness, he saw Conrad on the floor being punched by four or five people. According to Fields, he then ran to his truck, retrieved his shotgun, and returned to the bar to save Conrad's life. Fields claims he was then knocked unconscious again when someone hit him in the back of the head. The next thing Fields remembered was being told by a police officer that he was under arrest. Another witness gave testimony that was supportive of Fields' version of the events.
The jury found Conrad guilty as charged of burglary with a battery therein *768 while armed. Conrad was found not guilty of the three separate battery charges. Conrad subsequently filed a motion for arrest of judgment on the burglary count, contending that the jury's verdicts were inconsistent.
An inconsistent verdict claim presents a pure question of law and is reviewed de novo. Brown v. State, 959 So.2d 218, 220 (Fla.2007). As a general rule, inconsistent verdicts are permitted in Florida because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. Id. Inconsistent verdicts may arise from a jury's exercise of its "inherent authority to acquit" even if the facts support a conviction. State v. Connelly, 748 So.2d 248, 252 (Fla.1999).
The Florida Supreme Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception is referred to as a "true" inconsistent verdict. A true inconsistent verdict occurs when an acquittal on one count negates the necessary element for conviction on another count. Brown, 959 So.2d at 220; see also State v. Powell, 674 So.2d 731, 732-33 (Fla.1996).
To prove a burglary, the State needs to prove that a defendant entered a dwelling, structure, or conveyance with the intent to commit an offense therein. § 810.02, Fla. Stat. (2006). The State is not required to prove that a defendant actually committed a separate crime. See, e.g., Hill v. State, 839 So.2d 865 (Fla. 4th DCA 2003) (conviction for burglary with intent to commit theft is not legally inconsistent with acquittal on petit theft charge); Miranda v. State, 648 So.2d 174 (Fla. 3d DCA 1994) (to prove offense of burglary, it was necessary only to show that at time of entry into building, defendant had fully informed intent to commit offense of criminal mischief, and not that defendant had committed offense of criminal mischief). Thus, the jury could properly find that Conrad committed a burglary because he re-entered Jesse Black's Saloon with the intent to commit a battery even though he did not subsequently commit a battery.
The jury's finding that Conrad committed a burglary with a battery therein while armed raises a separate issue. Section 810.02(2) provides for enhanced penalties where, in the course of the commission of a burglary, the offender:
a. makes an assault or battery upon any person; or

b. is or becomes armed within the dwelling, structure or conveyance, with . . . a dangerous weapon,. . . .
Here, the jury was properly instructed on these enhancements:
The punishment provided by law for the crime of burglary is greater if the burglary was committed under certain aggravating circumstances. Therefore, if you find the defendant guilty of burglary, you must then consider whether the State has fully proved those circumstances.
If you find that in the course of committing the burglary the defendant committed a battery upon any person, you should find him guilty of burglary during which a battery has been committed. . . .
If you find that in the course of the burglary that Alvin Daniel Conrad or Mark Anthony Fields was armed with a firearm, you should find him guilty of burglary while armed with a firearm. . . .
If you find the defendant committed the burglary without any aggravating circumstances, you should find him guilty only of burglary. . . .
*769 Unfortunately, the verdict form did not give the jury the opportunity to consider the two aggravating circumstances separately.[1] As to the burglary count, the jury's verdict read:
We the jury, find as follows as to the defendant in this case: (check only one)
 x A. The defendant is guilty of burglary of a structure while armed with battery as charged in Count One of the Information.
___ B. The defendant is guilty of burglary, a lesser included offense.
___ C. The defendant is guilty of battery, a lesser included offense.
___ D. The defendant is guilty of trespass, a lesser included offense.
___ E. The defendant is not guilty.
To the extent that the jury acquitted Conrad of the three battery counts but found him guilty of committing a battery during the commission of a burglary, there was a true inconsistent verdict. However, the jury's finding that Conrad was guilty of burglary of a structure while armed was not inconsistent with an acquittal on the battery counts. Accordingly, on remand, the judgment is to be corrected to reflect that Conrad was convicted of burglary of a structure while armed, not burglary of a structure with a battery therein while armed. Resentencing is not required because prior to the sentencing hearing, the trial judge indicated that he considered the jury's finding that a battery was committed during the burglary to be "surplusage."
Conrad next contends that the trial court committed fundamental error when it gave the jurors two contradictory instructions regarding self-defense. Specifically, the jurors were first told that Conrad had to prove self-defense beyond a reasonable doubt, but were then told that if there was a reasonable doubt about Conrad's self-defense claim, he should be found not guilty.
We agree that the jury instructions were erroneous. See Murray v. State, 937 So.2d 277 (Fla. 4th DCA 2006). However, the error was harmless. Conrad's self-defense claim was applicable only as to the battery counts  of which he was acquitted. There was no evidence (or contention) that Conrad re-entered Jesse Black's Saloon to defend himself or another.
Finally, Conrad contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. To obtain relief based on newly discovered evidence, the asserted facts must have been: 1) unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known them by the use of diligence; and 2) the newly-discovered evidence must be of such a nature that it would probably produce an acquittal on retrial. Melendez v. State, 718 So.2d 746, 747 (Fla.1998). We agree with the trial court that the alleged newly discovered evidence in this case was not "of a nature that would probably produce an acquittal on retrial."
The trial court is directed to correct the judgment to reflect that Conrad was convicted of burglary of a structure while armed. Conrad's judgment and sentence are otherwise affirmed.
AFFIRMED in part; REVERSED in part.
PALMER, C.J. and PLEUS, J., concur.
NOTES
[1] Conrad did not object to the use of this verdict form.