999 So.2d 701 (2008)
S.W., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3142.
District Court of Appeal of Florida, Third District.
December 17, 2008.
Rehearing and Rehearing En Banc Denied February 12, 2009.
Bennett H. Brummer, Public Defender, and Jessica Zagier and Harvey Sepler, Assistant Public Defenders, for appellant.
*702 Bill McCollum, Attorney General, Michael C. Greenberg, Assistant Attorney General, for appellee.
Before COPE and RAMIREZ, JJ., and SCHWARTZ, Senior Judge.
COPE, J.
S.W. appeals after the court found he committed a burglary of an automobile. We affirm.
S.W., a thirteen year old juvenile, was charged with burglary, theft of a vehicle and criminal mischief. A 1993 Saturn was reported stolen. Several days later a police officer saw the car inside a closed park and saw S.W. exit from the driver's seat. S.W. was arrested and placed in the police car. The next morning the officer found a key in the police car where S.W. had been sitting. Based on the officer's experience, the key would have been capable of starting the Saturn vehicle.
At trial, S.W. argued that the intent and ownership elements of the burglary charge had not been proven and that the State failed to refute S.W.'s hypothesis of innocence. The trial court granted a motion for judgment of acquittal as to the charge of criminal mischief, and following closing arguments, the court found S.W. not guilty of theft. The court, however, found S.W. guilty of burglary.
On appeal, S.W. contends that he could not have been convicted of burglary since he was acquitted of theft. S.W. relies on this court's opinion in G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla.1991), receded from in part, I.T. v. State, 694 So.2d 720 (Fla.1997).[1] Our court's G.C. decision states, "Because the theft charge fails, the burglary charge also must fail." Id. at 1188. While that statement in G.C. is correct based on the circumstances of that case, it is not applicable to S.W.
In G.C. a juvenile accepted a ride from a friend who was driving a stolen car. Id. at 1187. The State charged G.C., who was merely a passenger, with theft and burglary. This court ruled that the evidence was legally insufficient to establish that G.C. had committed a theft because being a passenger in a stolen car was not enough to establish a theft of the vehicle. We reasoned that there was no intent to deprive the owner of his property where the vehicle had already been stolen by the driver who retained control of the vehicle throughout. Id. at 1188.
The G.C. panel then went on to address the fact that G.C. had also been charged with burglary, that is, entering or remaining in the vehicle "with the intent to commit an offense, namely, the theft of the vehicle." Id. Because the evidence was legally insufficient to constitute theft, there could be no intent to commit a theft. Under those specific circumstances, the burglary charge also failed. Id. G.C. does not establish a general rule that if there is an acquittal on a theft charge there is also an acquittal on the burglary charge.
In the present case the evidence was legally sufficient for both offenses: burglary and theft. Under the G.C. decision, the fact that S.W. was seen in the driver's seat and had possession of a key would provide legally sufficient evidence of dominion and control, so as to support the theft charge. 560 So.2d at 1187-88. There was, however, testimony that S.W. was unable to drive. The vehicle was found a considerable distance from where it was stolen, and the vehicle had been missing for several *703 days before the officer came on the scene and found S.W. inside. The trial court's rulings may reflect a conclusion that S.W. actively participated in the entry into the vehicle with the intent to steal it and was therefore guilty of burglary. The court may have entertained reasonable doubt about whether S.W. had actually driven the vehicle, and thus acquitted on the charge of theft. If we have correctly interpreted the trial court's reasoning, then the two rulingsacquittal on theft and conviction on burglarycan be harmonized.
Assuming arguendo that the two rulings are inconsistent, we would nonetheless affirm the burglary finding. The general rule is that "[i]nconsistent ... verdicts are permitted in Florida." Brown v. State, 959 So.2d 218, 220 (Fla.2007). There is an exception to the rule, id., but the exception is not applicable here.
Affirmed.
COPE, J., and SCHWARTZ, Senior Judge, concur.
RAMIREZ, J., (dissenting).
I dissent on the basis that the trial judge's rulings were inconsistent. As the majority states, "inconsistent jury verdicts are permitted in Florida." Brown v. State, 959 So.2d 218, 220 (Fla.2007). The majority then states conclusively that the exception to that rule is not applicable here. Respectfully, I believe the exception is indeed applicable.
The exception deals with interlocking charges. As stated in State v. Powell, 674 So.2d 731 (Fla.1996):
[T]he `true' inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent.... [T]rue inconsistent verdicts are `those in which an acquittal on one count negates a necessary element for conviction on another count....' For example, this Court has required consistent verdicts when `the underlying felony was a part of the crime chargedwithout the underlying felony the charge could not stand.'
Id. at 733 (quoting Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983); Eaton v. State, 438 So.2d 822, 823 (Fla.1983)).
S.W. was charged with burglary by entering or remaining in a conveyance with the "intent to commit an offense therein, to wit: THEFT and/or ANY OTHER OFFENSE." Neither the State nor the majority has suggested what "any other offense" S.W. intended to commit when he entered or remained in the vehicle.[2] Thus, the State had to show that S.W. intended to commit a theft. The charge of theft and burglary were interlocking charges. Without the underlying felony of theft, the charge of burglary cannot stand.
I also find unconvincing the majority's attempt to distinguish G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990). Basically, the majority disagrees with the trial court's finding that S.W. was not guilty of theft. This is a decision, however, that under the constitutional protection against double jeopardy, an appellate court has no power to revisit. In my view, if double jeopardy prevents this Court from reversing S.W.'s acquittal for theft, it also bars this Court from using that offense as the underlying felony to convict for burglary.
Finding no explanation in the transcript, the majority engages in fanciful speculation when it states "that the trial court's rulings may reflect a conclusion that S.W. actively participated in the entry into the vehicle with the intent to steal it and was *704 therefore guilty of burglary." Besides the fact that the judge specifically acquitted S.W. of stealing, there was absolutely no evidence presented surrounding the entry into the vehicle which had been stolen several days before S.W.'s arrest.
The entire evidence in the case was as flimsy as tissue paper: The subject vehicle, a 1993 Saturn, was stolen some time in early August, 2007. The owner testified that she still had the keys to the car and no keys were missing. Several days later she was notified that her car had been recovered. When she retrieved it from the impound, there was no damage to the car, not even to the ignition. The police officers testified that, on August 8, 2007, at about 2:40 a.m., they observed a Saturn parked inside a closed park. When they ran the tag, it came back stolen. As the officers approached the car, S.W. was seen exiting it from the driver's side. S.W. was arrested as he was walking to a group of juveniles standing about six or seven feet away. He was patted down, then placed in the back seat of a police vehicle. After S.W. was transported to the Juvenile Assessment Center, the officer searched his car and found nothing. The next morning before his shift, the officer again searched his car and now found a key with the word Saturn written on it. He never tested the key on the stolen Saturn.
As the theft and burglary were interlocking charges, the "true" inconsistent verdict exception to the general rule applies, as explained in Brown. I would therefore reverse S.W.'s burglary conviction.
NOTES
[1] I.T. receded from G.C.'s analysis of the power of the court to reduce the offense charged to a permissive lesser included offense. 694 So.2d at 722-24.
[2] The State abandoned count 3 accusing S.W. of criminal mischief.