COPE, J.
S.W. appeals after the court found he committed a burglary of an automobile. We affirm.
S.W., a thirteen year old juvenile, was charged with burglary, theft of a vehicle and criminal mischief. A 1993 Saturn was reported stolen. Several days later a police officer saw the car inside a closed park and saw S.W. exit from the driver’s seat. S.W. was arrested and placed in the police car. The next morning the officer found a key in the police car where S.W. had been sitting. Based on the officer’s experience, the key would have been capable of starting the Saturn vehicle.
At trial, S.W. argued that the intent and ownership elements of the burglary charge had not been proven and that the State failed to refute S.W.’s hypothesis of innocence. The trial court granted a motion for judgment of acquittal as to the charge of criminal mischief, and following closing arguments, the court found S.W. not guilty of theft. The court, however, found S.W. guilty of burglary.
On appeal, S.W. contends that he could not have been convicted of burglary since he was acquitted of theft. S.W. relies on this court’s opinion in G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990), approved, 572 So.2d 1380 (Fla. 1991), receded from in part, I.T. v. State, 694 So.2d 720 (Fla.1997).[1] Our court’s G.C. decision states, “Because the theft charge fails, the burglary charge also must fail.” Id. at 1188. While that statement in G.C. is correct based on the circumstances of that case, it is not applicable to S.W.
In G.C. a juvenile accepted a ride from a friend who was driving a stolen car. Id. at 1187. The State charged G.C., who was merely a passenger, with theft and burglary. This court ruled that the evidence was legally insufficient to establish that G.C. had committed a theft because being a passenger in a stolen car was not enough to establish a theft of the vehicle. We reasoned that there was no intent to deprive the owner of his property where the vehicle had already been stolen by the driver who retained control of the vehicle throughout. Id. at 1188.
The G.C. panel then went on to address the fact that G.C. had also been charged with burglary, that is, entering or remaining in the vehicle “with the intent to commit an offense, namely, the theft of the vehicle.” Id. Because the evidence was legally insufficient to constitute theft, there could be no intent to commit a theft. Under those specific circumstances, the burglary charge also failed. Id. G.C. does not establish a general rule that if there is an acquittal on a theft charge there is also an acquittal on the burglary charge.
In the present case the evidence was legally sufficient for both offenses: burglary and theft. Under the G.C. decision, the fact that S.W. was seen in the driver’s seat and had possession of a key would provide legally sufficient evidence of dominion and control, so as to support the theft charge. 560 So.2d at 1187-88. There was, however, testimony that S.W. was unable to drive. The vehicle was found a considerable distance from where it was stolen, and the vehicle had been missing for several *703 days before the officer came on the scene and found S.W. inside. The trial court’s rulings may reflect a conclusion that S.W. actively participated in the entry into the vehicle with the intent to steal it and was therefore guilty of burglary. The court may have entertained reasonable doubt about whether S.W. had actually driven the vehicle, and thus acquitted on the charge of theft. If we have correctly interpreted the trial court’s reasoning, then the two rulings — acquittal on theft and conviction on burglary — can be harmonized.
Assuming arguendo that the two rulings are inconsistent, we would nonetheless affirm the burglary finding. The general rule is that “[ijnconsistent ... verdicts are permitted in Florida.” Brown v. State, 959 So.2d 218, 220 (Fla.2007). There is an exception to the rule, id., but the exception is not applicable here.
Affirmed.
COPE, J., and SCHWARTZ, Senior Judge, concur.

. I.T. receded from G.C.'s analysis of the power of the court to reduce the offense charged to a permissive lesser included offense. 694 So.2d at 722-24.