RAMIREZ, J.,
(dissenting).
I dissent on the basis that the trial judge’s rulings were inconsistent. As the majority states, “inconsistent jury verdicts are permitted in Florida.” Brown v. State, 959 So.2d 218, 220 (Fla.2007). The majority then states conclusively that the exception to that rule is not applicable here. Respectfully, I believe the exception is indeed applicable.
The exception deals with interlocking charges. As stated in State v. Powell, 674 So.2d 731 (Fla.1996):
[TJhe ‘true’ inconsistent verdict exception, comes into play when verdicts against one defendant on legally interlocking charges are truly inconsistent.... [TJrue inconsistent verdicts are ‘those in which an acquittal on one count negates a necessary element for conviction on another count.... ’ For example, this Court has required consistent verdicts when ‘the underlying felony was a part of the crime charged — without the underlying felony the charge could not stand.’
Id. at 733 (quoting Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983); Eaton v. State, 438 So.2d 822, 823 (Fla.1983)).
S.W. was charged with burglary by entering or remaining in a conveyance with the “intent to commit an offense therein, to wit: THEFT and/or ANY OTHER OFFENSE.” Neither the State nor the majority has suggested what “any other offense” S.W. intended to commit when he entered or remained in the vehicle.[2] Thus, the State had to show that S.W. intended to commit a theft. The charge of theft and burglary were interlocking charges. Without the underlying felony of theft, the charge of burglary cannot stand.
I also find unconvincing the majority’s attempt to distinguish G.C. v. State, 560 So.2d 1186 (Fla. 3d DCA 1990). Basically, the majority disagrees with the trial court’s finding that S.W. was not guilty of theft. This is a decision, however, that under the constitutional protection against double jeopardy, an appellate court has no power to revisit. In my view, if double jeopardy prevents this Court from reversing S.W.’s acquittal for theft, it also bars this Court from using that offense as the underlying felony to convict for burglary.
Finding no explanation in the transcript, the majority engages in fanciful speculation when it states “that the trial court’s rulings may reflect a conclusion that S.W. actively participated in the entry into the vehicle with the intent to steal it and was *704 therefore guilty of burglary.” Besides the fact that the judge specifically acquitted S.W. of stealing, there was absolutely no evidence presented surrounding the entry into the vehicle which had been stolen several days before S.W.’s arrest.
The entire evidence in the case was as flimsy as tissue paper: The subject vehicle, a 1993 Saturn, was stolen some time in early August, 2007. The owner testified that she still had the keys to the car and no keys were missing. Several days later she was notified that her car had been recovered. When she retrieved it from the impound, there was no damage to the car, not even to the ignition. The police officers testified that, on August 8, 2007, at about 2:40 a.m., they observed a Saturn parked inside a closed park. When they ran the tag, it came back stolen. As the officers approached the car, S.W. was seen exiting it from the driver’s side. S.W. was arrested as he was walking to a group of juveniles standing about six or seven feet away. He was patted down, then placed in the back seat of a police vehicle. After S.W. was transported to the Juvenile Assessment Center, the officer searched his car and found nothing. The next morning before his shift, the officer again searched his car and now found a key with the word Saturn written .on it. He never tested the key on the stolen Saturn.
As the theft and burglary were interlocking charges, the “true” inconsistent verdict exception to the general rule applies, as explained in Brown. I would therefore reverse S.W.’s burglary conviction.

. The State abandoned count 3 accusing S.W. of criminal mischief.