IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KRISTOPHER MICHAEL GOODWIN,

      Appellant,

v.

      Case No. 5D22-0661
      LT Case No. 2019-CF-01412

STATE OF FLORIDA,

      Appellee.
_____/

Decision filed June 16, 2023

Appeal from the Circuit Court
for Putnam County,
Howard O. McGillin, Jr., Judge.

Matthew J. Metz, Public Defender,
and Darnelle Paige Lawshe,
Assistant Public Defender, Daytona
Beach, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      AFFIRMED.

WALLIS and EISNAUGLE, JJ., concur.
SOUD, J., concurs, with opinion.

SOUD, J., concurring.

I join in affirming this case and write to address Appellant Kristopher Goodwin's claim of inconsistent verdicts.

## I.

Edward and Karmen Eustace returned home from Walmart on a Sunday afternoon to find the back door of their house "wide open" and a blue bin sitting on their back deck. Believing something was amiss, Mr. Eustace entered through the open door, saw a "good quarter inch" of standing water on the floor, and, after expressing his surprise, observed Appellant run down the hallway and out the front door. The Eustaces suffered, *inter alia*, more than $2,500 damage to their residence resulting from the burglary. At least one gun, a .22 caliber rifle, stored in the master bedroom closet, was missing after the burglary and never recovered. Further, a tool shed located on the property suffered approximately $200 of damage.

Appellant was ultimately arrested and charged with seven crimes: Count I (Burglary While Armed); Count II (Criminal Mischief Causing Damage in Excess of $1,000); Count III (Burglary of a Structure Causing Damage in Excess of $1,000); Count IV (Burglary of an Unoccupied Conveyance); Count V (Grand Theft); Count VI (Grand Theft of a Firearm);

and Count VII (Resisting an Officer Without Violence). During trial, Appellant moved for judgment of acquittal as to Count III, arguing that the undisputed evidence before the jury was the damage to the shed was less than the $1,000 threshold.[1] The State, however, argued that Count III deliberately did not identify a particular structure and that Count III included the house[2] itself. The trial court granted the motion in part, precluding argument to the jury that the shed formed a basis for conviction on Count III, but allowed the State to proceed with Count III as it pertains to the house.

The jury acquitted Appellant of Counts I (Burglary While Armed) and VI (Grand Theft of a Firearm)—the only two charges involving the rifle. Appellant was convicted of the remaining five counts, including Count III (Burglary of a Structure Causing Damage in Excess of $1,000).

## II.

Appellant claims the jury's verdicts on Counts I and III are impermissibly inconsistent because the jury's acquittal on Count I (Burglary While Armed) removed the possibility that burglary to the house could be the

---

[1] Appellant did not file a motion for statement of particulars. His argument that Count I was the charge addressing the dwelling and Count III was "intended" by the State to address the shed is of no moment. Nothing in the amended information identifies the shed as the subject of Count III.

[2] The term "house" is used when referencing Count III to avoid confusion with Count I, which designates the structure as a "dwelling," a defined and precise term under the burglary statute. *See* section II.B, *infra*.

3

basis of a guilty verdict on Count III (Burglary of a Structure Causing Damage in Excess of $1,000). This argument presents a pure question of law and is reviewed *de novo*. *See Brown v. State*, 959 So. 2d 218, 220 (Fla. 2007) (citations omitted); *see also Mitchell v. State*, 274 So. 3d 1136, 1138 (Fla. 5th DCA 2019); *Conrad v. State*, 977 So. 2d 766, 768 (Fla. 5th DCA 2008).

A.

Generally, inconsistent jury verdicts are permitted in Florida. *Brown,* 959 So. 2d at 220*.* Inconsistent verdicts are accepted because they can result from lenity and not speak to the guilt or innocence of a defendant. *Id.*[3]

Florida law recognizes one exception to the general rule permitting inconsistent verdicts—when there is a "true" inconsistent verdict. Truly inconsistent verdicts are "those in which an acquittal on one count negates a necessary element for conviction on another count." *Id.* (quoting *Gonzalez v. State*, 440 So. 2d 514, 515 (Fla. 4th DCA), *rev. dismissed*, 444 So. 2d 417 (Fla. 1983)); *see also State v. Powell*, 674 So. 2d 731, 733 (Fla. 1996). A jury's verdicts against a defendant will be vacated when truly inconsistent

---

[3] Florida juries, of course, are not permitted to disregard the law in reaching their verdicts. As juries are routinely instructed in Florida courts, "[I]t is important that you follow the law . . . in deciding your verdict. . . . **Even if you do not like the laws that must be applied, you <u>must</u> use them.** For more than two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share." Fla. Std. Jury Instr. (Crim.) 3.13 (emphasis added).

4

verdicts are returned on "legally interlocking" charges where "the underlying felony was a part of the crime charged—without the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges." *Brown,* 959 So. 2d at 220−21 (citations omitted).[4] This exception is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing the verdicts to stand. *Id.* at 221.

## B.

To address Appellant's claim of truly inconsistent verdicts, I must consider the broader context of Florida's burglary statute set forth in section 810.02, Florida Statutes (2019). Generally, in Florida, burglary of an unoccupied structure is a third-degree felony, punishable by five years in prison. *See* § 810.02(4)(a), Fla. Stat. If the structure burglarized is a dwelling, that burglary is classified as a second-degree felony, punishable by fifteen years in prison. *See* § 810.02(3)(a)–(b), Fla. Stat. Further, under Florida law

---

[4] *See, e.g., Mahaun v. State*, 377 So. 2d 1158 (Fla. 1979) (guilty verdict on felony-murder set aside where jury failed to find defendant guilty of the underlying felony); *Redondo v. State*, 403 So. 2d 954 (Fla. 1981) (defendant could not be convicted of unlawful possession of a firearm during commission of a felony where jury failed to find him guilty of underlying felony).

pertinent to this case, burglary is a first-degree felony punishable by life in prison if during the burglary of a dwelling, structure, or conveyance, one assaults or batters another person, is or becomes armed within the dwelling, structure or conveyance, or causes damage to the dwelling or structure in excess of $1,000. *See* § 810.02(2), Fla. Stat.

Relevant here, Appellant was charged with two different counts of burglary. Count I charged burglary of a structure, specified as a dwelling, while becoming armed. Count III charged burglary to a structure (not specified as a dwelling) and causing more than $1,000 in damage. Each count is a first-degree felony punishable by life imprisonment. Appellant was found not guilty on Count I and guilty on Count III.

## C.

While the State seemingly concedes the verdicts on Counts I and III are logically (or factually) inconsistent, it seems clear that the verdicts are in fact consistent. The record before us strongly suggests the jury simply concluded the State failed to prove beyond a reasonable doubt only that Appellant stole a firearm during the burglary and, accordingly, returned the verdict of not guilty on Count I (Burglary While Armed). It is noteworthy that the jury answered the interrogatories on its original verdict form for Count I notwithstanding its not guilty verdict. The jury concluded the State proved the

6

structure was a dwelling but failed to prove Appellant was armed with a dangerous weapon or firearm. Consistent therewith, the jury also acquitted Appellant on Count VI (Grand Theft of a Firearm). These two counts—I and VI—are the only two counts involving a firearm. Appellant was convicted on all other counts. Importantly, he was convicted on Count II (Criminal Mischief in Excess of $1,000), involving the same damage to the property charged in Count III.

Even assuming *arguendo* the verdicts on Counts I and III are logically inconsistent, they are not "true" inconsistent verdicts. These counts are in no way "legally interlocking" charges where the acquittal on Count I negates an element to be proven on Count III. *See Brown*, 959 So. 2d at 220−21. While Counts I and III arise out of the same criminal episode, they charge different crimes. Count I charged burglary (i) of a structure that was a dwelling, *see* section 810.02(3)(a)–(b), Florida Statutes, and (ii) that Appellant became armed during the burglary. *See* § 810.02(2)(b), Fla. Stat. Count III, on the other hand, charged Appellant with burglary of (i) a structure (not alleged to be a dwelling) and (ii) causing damage in an amount exceeding $1,000. *See* § 810.02(2)(c)2., Fla. Stat.

As such, Counts I and III are not legally interlocking such that an inconsistent verdict would be impermissible and require setting aside the

7

jury's verdicts. Simply stated, Count I is not "part of" Count III. *See Brown*, 959 So. 2d at 220−21. The acquittal on Count I does not preclude the jury from finding Appellant burglarized a structure (i.e., the house) and caused more than $1,000 in damage, even if the structure damaged in Count III was the dwelling contemplated in Count I. Such verdicts, even if logically inconsistent, are not legally inconsistent.

Accordingly, this case is rightly affirmed.